UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLDSTREAM MINISTRIES©, a private ecclesiastical trust,
by and through its trustees,
Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell,
appearing in propria persona, sui juris,

Plaintiff,

v.

REGIONS BANK, N.A.,
a national banking association,

Defendant.

Case No. 2:25-CV-993-KCD-DNF

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This action arises from REGIONS BANK's dishonor of a $5,000,000 negotiable instrument tendered by Plaintiff, COLDSTREAM MINISTRIES©, and subsequent retaliatory freezing of the Plaintiff's trust account. The conduct constitutes dishonor under Article 3 of the Uniform Commercial Code (UCC), conversion under Florida common law and Fla. Stat. § 673.4201, and retaliation and bad faith interference with fiduciary property.

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and involves a national banking association. Venue lies in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within Lee County, Florida.

## PARTIES

Plaintiff, COLDSTREAM MINISTRIES©, is a private ecclesiastical trust domiciled within the Florida Republic, acting by and through its living trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell.

Defendant, REGIONS BANK, N.A., is a national banking association and member of the Federal Reserve System conducting business throughout the State of Florida, including Lee County.

## STATEMENT OF FACTS

**Pursuant to Federal Rule of Civil Procedure 10(b),** each of the following paragraphs is separately numbered and limited to a single factual circumstance. Defendant is required to **admit, deny, or otherwise specifically respond to each enumerated paragraph individually** in accordance with Rule 8(b). Any failure to do so shall constitute an admission of the facts alleged.

**1. On August 4, 2025,** Plaintiff, through Trustee Daman-Thomas Caldwell, issued and tendered to REGIONS BANK Branch Manager Rob Thompson a written Private Discharge and Settlement Instrument (PDSI No. 25-01) in the face amount of Five Million Dollars ($5,000,000.00).  (A true and correct copy of this instrument, together with its transmittal letter, is attached as Exhibit A.)

The accompanying cover letter, dated and signed the same day, identified the instrument as a lawful negotiable instrument drawn under the DAMAN THOMAS CALDWELL© TRUST for the benefit of COLDSTREAM MINISTRIES©, citing the trust's private ministerial authority and REGIONS BANK's existing fiduciary relationship with the trust account.  The letter directed that the instrument be processed "without delay or prejudice" for settlement through the bank's internal fiduciary or Federal Reserve channels in accordance with existing private-trust account terms.

The registered-mail receipt (USPS Form 3806 No. RR726019799US) shows that the package was accepted by the Bonita Springs Post Office on August 14, 2025, and delivered to the REGIONS BANK branch located at 24836 South Tamiami Trail, Bonita Springs, FL 34134, confirming lawful presentment and delivery.

The PDSI No. 25-01, executed under red-thumbprint seal and authenticated by the living trustee, contained all elements of a negotiable instrument under Fla. Stat. § 673.1041 (UCC § 3-104)—a written, signed, and unconditional order to pay a sum certain to order. It further provided ten (10) days for rebuttal or return, after which non-response would constitute acceptance and settlement.

Under Fla. Stat. § 673.5011 (UCC § 3-501), presentment of a negotiable instrument imposes a duty of good-faith processing on the drawee institution. Having received and retained the instrument, REGIONS BANK was required to honor or timely return it under § 673.5021 (UCC § 3-502). No such return or rebuttal was ever made.

Accordingly, Exhibit A establishes the initial tender, presentment, and receipt of the $5 million negotiable instrument, forming the foundation for Count I – Dishonor of Negotiable Instrument and evidencing REGIONS BANK's ensuing commercial dishonor.

**2. On August 21, 2025,** following REGIONS BANK's continued failure to process the tendered $5,000,000 negotiable instrument, Plaintiff COLDSTREAM MINISTRIES© issued a series of formal written notices to the Legal Department for REGIONS BANK in Birmingham, Alabama. These notices—titled "Notice of Conversion & Double Payment," "General Declaration of Conversion & Double Payment," and "Notice of Best Interest & Corrective Action"—were transmitted by certified mail (No. 9589 0710 5270 2909 5104 56), as confirmed by the USPS receipt bearing the Bonita Springs postmark of August 21, 2025. A true and correct copy of these instruments, together with mailing proof, is attached as Exhibit B. At this point REGIONS BANK had one of two options. They could "accept and settle" or "return and dishonor." Instead, REGIONS BANK kept the instrument and refused to account for it when required to do so. When confronted by Alabama State Banking regarding a complaint submitted on behalf of COLDSTREAM MINISTRIES© they stated "couldn't locate requested documents or other items" attached as Exhibit P, -

**3. August 21, 2025,** Notice of Conversion & Double Payment informed REGIONS BANK that, subsequent to its receipt of the $5 million Bill of Exchange, the bank had wrongfully debited $1,000 from the COLDSTREAM MINISTRIES© account while retaining possession of the original negotiable instruments. The notice explained that this act resulted in double payment and unjust enrichment, constituting conversion under Fla. Stat. § 673.4201 (UCC § 3-420), which defines conversion as the wrongful exercise of dominion or control over an instrument or its proceeds.

The General Declaration of Conversion & Double Payment reiterated these facts, emphasizing that REGIONS BANK' conduct amounted to commercial theft and aggravated trespass against ecclesiastical trust property, in violation of fiduciary duties owed to the 508(c)(1)(A) entity. It further demanded that all debits, withdrawals, and checks previously charged be restored and that REGIONS BANK immediately cease any further conversion of negotiable instruments belonging to the trust.

The Notice of Best Interest & Corrective Action provided REGIONS BANK with a final opportunity to cure. It outlined three corrective measures:

1. Process the $5 million negotiable instrument already tendered and accept the ten-percent (10 %) benefit allocated to REGIONS BANK as consideration for closure;
2. Restore and credit all debits, charges, and withdrawals to the COLDSTREAM MINISTRIES© account retroactively; and
3. Correct internal records to reflect COLDSTREAM MINISTRIES© as a protected ecclesiastical fiduciary account not subject to public jurisdiction.

The notice granted ten (10) business days to perform these corrective actions and warned that failure to comply would attach all liabilities to the perfected lien and Final Administrative Judgment then standing against REGIONS BANK in the amount of $50,000,000.

Together, these documents demonstrate that REGIONS BANK was placed on full legal and administrative notice of its conversion, double payment, and dishonor before the account freeze of September 25, 2025. Exhibit B therefore substantiates the timeline of knowledge and bad-faith conduct, supporting Count II – Conversion and Count III – Retaliation and Bad Faith in this complaint.

**4. On August 21 2025,** in addition to the certified-mail notices sent that same day, Trustee Daman-Thomas Caldwell transmitted an email and call notice to Rob Thompson, Branch Manager at REGIONS BANK, confirming direct awareness of the trust's complaints of conversion and double-payment. A true and correct copy of this correspondence is attached as Exhibit C.

The message, sent at 2:35 p.m., was titled "COLDSTREAM MINISTRIES — Retroactive Conversion & Double Payment of Instruments (Immediate Action Required)" and demanded full restoration and accounting of all debits and withdrawals taken against the COLDSTREAM MINISTRIES account since inception. Handwritten notes on the document record that Mr. Thompson was requested to forward the notice to Legal and Compliance and that a follow-up phone call was completed and entered in the trust minutes.

This exhibit confirms that REGIONS BANK received direct, personal notice of the alleged conversion and retroactive debit issue before the September 25TH account freeze, satisfying the statutory requirements for notice and opportunity to cure under Fla. Stat. § 673.5011 (UCC § 3-501) and supporting Counts II and III for conversion and retaliatory conduct.

**5. On August 22, 2025,** Plaintiff issued two companion documents to the Office of General Counsel and Compliance at REGIONS BANK, transmitted by certified mail (No. 9589 0710 5270 2909 5104 72). A true and correct copy is attached as Exhibit D.

The first document, titled "Declaration of Unlawful Conversion of Negotiable Instruments," formally recorded that all negotiable instruments tendered under COLDSTREAM MINISTRIES© had been unlawfully converted by REGIONS BANK into unconditional promises to pay, constituting double payment, unjust enrichment, and commercial bad faith. The declaration invoked Fla. Stat. § 673.4201 (UCC § 3-420), defining conversion as unauthorized control over an instrument or its proceeds. In Capital Bank v. Budd, 597 So. 2d 915 (Fla. 5th DCA 1992), the court held that a bank's wrongful dominion over deposited funds, even without

full deprivation of possession, establishes conversion when exercised in bad faith—a principle directly reflected in Exhibit D.

The accompanying Freedom of Information Act Request demanded production of all recorded call logs, transcripts, and internal notes concerning communications between Trustee Daman-Thomas Caldwell and REGIONS BANK officer Rob Thompson on August 21 and 22 2025, documenting the bank's admission that calls were recorded. This request placed REGIONS BANK on explicit notice to preserve evidence relevant to its fiduciary handling of COLDSTREAM'S instruments and further confirms that the bank had direct knowledge of the alleged misconduct before the subsequent account freeze.

**6. On August 29, 2025,** Trustee Daman-Thomas Caldwell emailed Rob Thompson, Branch Manager at REGIONS BANK, offering a Private Resolution Option (NDA) to resolve the dispute in good faith. A true and correct copy is attached as Exhibit E. The message confirmed that liability had already been perfected yet extended a final opportunity for REGIONS BANK to correct fiduciary breaches, restore the trust account, and settle the perfected liability, thereby avoiding escalation to Treasury enforcement, OCC or other oversight agencies. Exhibit E shows Plaintiff's continued good-faith effort to resolve the matter before the September 25, 2025 freeze.

**7. On September 5, 2025,** Plaintiff mailed to REGIONS BANK's Legal Department a formal Summary of REGIONS BANK's Dishonor and Breach, by certified mail (No. 9589 0710 5270 2909 5104 79). A true and correct copy is attached as Exhibit F. The summary identifies four violations:

1. REGIONS BANK maintained the authorized trustee signature block yet mishandled fiduciary instruments;
2. The account was expressly designated a fiduciary, deposit-only ecclesiastical trust account, but REGIONS BANK treated it as a consumer account;
3. Double-payment occurred where checks/debits were withdrawn from the trust while the underlying instruments were also settled through FEDERAL RESERVE/FEDWIRE channels; and
4. Failure to cure after multiple fiduciary notices, placing REGIONS BANK in permanent dishonor.

Exhibit F corroborates dishonor under Fla. Stat. § 673.5021 (UCC § 3-502) and supports conversion liability under Fla. Stat. § 673.4201 (UCC § 3-420) by evidencing wrongful dominion over identifiable trust funds. See Bel-Bel Int'l Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1109–10 (11th Cir. 1998) (recognizing bank liability where handling of depositor funds/instruments is inconsistent with rights of the owner and undertaken in bad faith). The summary also confirms notice and opportunity to cure had been provided and ignored, reinforcing bad-faith intent relevant to Count III (Retaliation and Bad Faith).

**8. On September 9, 2025,** Trustee Daman-Thomas Caldwell emailed Rob Thompson (copying Roy Scholl IV and REGIONS BANK Legal & Compliance) under the subject line "URGENT:

REGIONS BANK Liability & Immediate Cure — COLDSTREAM MINISTRIES (Acct ending 5217) / OCC Case CS0395167." (A true and correct copy is attached as Exhibit G.)

The message listed REGIONS BANK' outstanding unrebutted notices, lien expansions, and the active OCC case reference, and demanded corrective action by 4:00 p.m. ET on September 10, 2025. It required designation of a responsible officer, delivery of a full fiduciary accounting, cessation of all double debits, and written confirmation of preserved call logs.

Exhibit G demonstrates final opportunity to cure before escalation and further confirms that REGIONS BANK was in receipt of all prior communications establishing liability.

**9. On September 12–13, 2025,** Plaintiffs issued two follow-up communications to REGIONS BANK Legal/Compliance: a Notice of Dishonor by Refusal and a Demand for Status Update – Negotiable Instrument Presented. True and correct copies are attached as Exhibit H.

The Notice of Dishonor by Refusal recorded that REGIONS BANK, or its agents, had refused delivery of a properly tendered estoppel presentment, thereby constituting dishonor under Fla. Stat. § 673.5021 (UCC § 3-502). The companion Demand for Status Update, sent by certified mail (No. 9589 0710 5270 3527 4468 07), requested written confirmation of whether the $5 million negotiable instrument had been accepted, returned, or withheld, citing UCC §§ 3-501(b)(2), 3-503, and 3-505. More than four weeks had elapsed since the August 14 tender with no acknowledgment, placing REGIONS BANK outside the recognized time for lawful presentment and response.

Under Barnett Bank of Tallahassee v. Camp, 444 So. 2d 913 (Fla. 1st DCA 1984), a drawee's failure to honor or timely return an instrument constitutes dishonor "as though the instrument had been accepted." See also FDIC v. Southeastern Bank, 406 F. Supp. 2d 1187 (S.D. Ga. 2005) (same principle). Exhibit H therefore confirms formal dishonor and breach of fiduciary duty under Article 3 and Florida commercial practice, reinforcing the foundation of Count I (Dishonor of Negotiable Instrument).

**10. On September 19, 2025,** Trustee Daman-Thomas Caldwell sent an email titled "Notice of Intent to Sue" to Rob Thompson and Roy Scholl, officers of REGIONS BANK. A true and correct copy is attached as Exhibit I. The message outlined the bank's continued dishonor, fiduciary breach, and resulting damages under the COLDSTREAM MINISTRIES© trust account. It served as a courtesy notice documenting duty, breach, and damages, establishing that REGIONS BANK's officers were fully informed of pending litigation and liability before further enforcement steps proceeded.

**11. On September 18 – 20, 2025,** COLDSTREAM MINISTRIES © served a comprehensive Notice of Intent to Sue and Duty, Breach, and Damages Statement upon REGIONS BANK Legal & Compliance Department, with courtesy copies to CT Corporation (System Registered Agent) and the Office of the Comptroller of the Currency (OCC), transmitted by certified mail (Nos. 9589 0710 5270 3527 1446 76 / 83). True and correct copies are attached as Exhibit J.

The Notice enumerated REGIONS BANK's fiduciary duties, detailed its breaches—including unlawful conversion of negotiable instruments from a deposit-only fiduciary trust account, double-dipping, failure to provide accounting ledgers, and disregard of perfected liens—and quantified damages totaling $55 million, with an additional $1 million per week for continued dishonor. The document provided ten (10) business days for corrective action before civil litigation would commence. By serving identical copies to both the registered agent and the OCC, COLDSTREAM MINISTRIES © ensured that notice of liability and intent to sue was perfected across corporate and regulatory channels.

Exhibit J evidences final notice and opportunity to cure, satisfying pre-litigation notice requirements and confirming REGIONS BANK's knowledge of all perfected liens and pending claims before the account freeze of late September 2025.

**12. On September 2, 2025,** COLDSTREAM MINISTRIES © issued a Formal Demand for Full Accounting to REGIONS BANK Legal & Compliance, copying Rob Thompson, Roy Scholl, and the registered agent (Corporation Service Company) by certified mail (Nos. 9589 0710 5270 3527 1469 06 / 13). A true and correct copy is attached as Exhibit K. The demand required delivery within ten (10) business days of complete fiduciary ledgers, Fedwire/ACH trace reports, internal reconciliation records, and copies of all negotiable instruments affecting the Coldstream fiduciary account. The notice warned that failure to provide full accounting would constitute proof of concealment and continued dishonor.

**13. On September 21, 2025,** a companion Preservation / Litigation Hold Notice was transmitted to REGIONS BANK Legal Department (cc: Thompson and Scholl) by email and mail, placing the bank under formal litigation hold. The notice required immediate preservation of all ledgers, call logs, FEDWIRE traces, CCTV footage, and employee records, warning that destruction or concealment would constitute spoliation of evidence.

Together, these instruments demonstrate that, prior to the September 25 account freeze, REGIONS BANK had actual notice of pending litigation, preservation duties, and fiduciary accounting obligations, satisfying the procedural prerequisites for claims of conversion, spoliation, and bad faith under Fla. R. Civ. P. 1.380(e) and Fla. Stat. § 673.4201.

**14. On September 25, 2025,** Plaintiff attempted to access the COLDSTREAM MINISTRIES© fiduciary account via the REGIONS BANK online portal and received an on-screen alert stating, "For security reasons, your account is now locked." A true and correct screenshot is attached as Exhibit L. This image establishes the precise moment the account was frozen, and access revoked, occurring immediately after REGIONS BANK's receipt of prior litigation and accounting notices, corroborating the timeline of retaliatory action.

**15. On October 1, 2025,** Trustees Jennifer-Leigh Caldwell and Daman-Thomas Caldwell recorded telephonic minutes documenting a call with Stuart Abolski, Vice President of Corporate Services for REGIONS BANK. A true and correct copy is attached as Exhibit M.

During the call, Abolski confirmed that the COLDSTREAM MINISTRIES© fiduciary account had been closed due to "issues with the branch", specifically naming Rob Thompson, and

admitted no prior written notice of closure had been issued. He also acknowledged that the $5,000,000 negotiable instrument was not logged or traceable in the bank's system. These admissions corroborate the claims of fiduciary breach, conversion, and commercial dishonor already on record.

**16. On October 1, 2025**, Jennifer-Leigh Caldwell sent a written notice and demand for clarification to REGIONS BANK's Legal and Compliance Department, Vice President Stuart Abolski, and Branch Manager Tamara at the Tarpon Bay branch, sent by Priority Mail Tracking No. 9505 5156 0311 5275 5002 47. The notice confirmed that the COLDSTREAM MINISTRIES account had been closed due to "issues with the branch" and that no written accounting or certified closure notice had ever been issued. It demanded written confirmation of the account-closure process, disbursement details for remaining funds, and the status of the $5,000,000 negotiable instrument previously tendered, placing REGIONS BANK on record for continued dishonor and failure of fiduciary duty.

**17. On October 2, 2025,** COLDSTREAM MINISTRIES © received by USPS a Notice of Account Closure/Service Termination from REGIONS BANK, post-marked September 25, 2025, and verified by Informed Delivery. The notice confirmed that the fiduciary account ending in 5217 would be closed effective October 8, 2025, only one week after REGIONS BANK received Coldstream's Notice of Intent to Sue. Trustee Daman-Thomas Caldwell subsequently issued a Declaration of Retaliatory Account Termination, documenting that the closure occurred in direct response to the legal notice and without any fiduciary accounting or lawful explanation. This exhibit evidences retaliatory conduct, commercial dishonor, and aggravated breach of fiduciary duty.

The freeze deprived the trust of access to ministerial funds, interrupted operations, and caused reputational and financial harm. REGIONS BANK's conduct demonstrates commercial dishonor, conversion of trust property, and retaliation.

**18. On October 14, 2025,** Plaintiff issued and served upon REGIONS BANK Legal Department and its registered agent, Corporate Service Company, a formal Notice of Refutation and Rebuttal of Arbitration Authority. This instrument expressly repudiated any assertion that REGIONS BANK could invoke or enforce arbitration provisions contained in the Deposit Agreement Addendum effective September 1, 2024, against the private ecclesiastical trust known as COLDSTREAM MINISTRIES©. The Notice confirmed that no trustee had ever knowingly consented to arbitration, and that COLDSTREAM MINISTRIES©, functioning in private ecclesiastical capacity outside the statutory commercial domain, expressly reserves all rights under the Constitution for the United States, including the Seventh Amendment right to a trial by jury. It further declared that any assumption of consent by REGIONS BANK is **void *ab initio*** and without lawful consideration, and that any attempt to compel arbitration would constitute trespass upon private trust property, commercial dishonor, and breach of fiduciary duty. As per the reservation of rights on the signature line of account inception The Notice was executed in full reservation of rights, "U.C.C. § 1-308, without recourse, without prejudice, All Rights Reserved." A true and correct copy of this Notice is attached as Exhibit Q.

## APPLICABLE LAW

Florida Statutes Chapter 673 adopts the Uniform Commercial Code governing negotiable instruments. Relevant provisions include § 673.1041 (defining negotiable instruments), § 673.5011 (presentment), § 673.5021 (dishonor), and § 673.4201 (conversion of instrument). These mirror UCC §§ 3-104, 3-501, 3-502, and 3-420, which collectively impose duties upon financial institutions to honor, present, and protect negotiable instruments tendered in due course.

## COUNT I – DISHONOR OF NEGOTIABLE INSTRUMENT

Defendant's refusal to honor the Bill of Exchange constitutes dishonor under Fla. Stat. § 673.5021 (UCC § 3-502). Under Fla. Stat. § 673.5011, an instrument is dishonored when payment is refused after due presentment. As a Federal Reserve member bank, REGIONS BANK is also bound under 12 C.F.R. Part 210 (Regulation J) to settle such items in good faith.

See Wells Fargo Bank, N.A. v. Stewart Title Guar. Co., 182 So. 3d 923 (Fla. 4th DCA 2016) (banks must comply with UCC duties in handling negotiable instruments).

By refusing to process or settle Plaintiff's tendered instrument, REGIONS BANK caused monetary damages equal to its face value, $5,000,000.00, and violated its obligations under both state and federal law.

Evidence of dishonor is established in Exhibits A and D, which include the August 21–22 certified mailings (Notice of Conversion & Double Payment and Declaration of Unlawful Conversion) documenting lawful presentment, demand, and non-payment.

## COUNT II – CONVERSION

REGIONS BANK's freeze of Plaintiff's trust account constitutes conversion under Fla. Stat. § 673.4201 (UCC § 3-420), which defines conversion as the unauthorized exercise of ownership over an instrument or funds belonging to another.

In Florida Nat'l Bank v. Edison, 48 So. 2d 17 (Fla. 1950), the court held that wrongful control of specific deposits constitutes actionable conversion.

Here, REGIONS BANK assumed control of identified trust assets, interfering with fiduciary use and causing loss of access and measurable harm to Plaintiff.

Exhibits B, C, and D demonstrate this ongoing conversion through unauthorized debits, double-payment practices, and concealment of fiduciary accounting.

## COUNT III – RETALIATION AND BAD FAITH

REGIONS BANK' freeze occurred within twenty-three minutes of its receipt of Plaintiff's legal notice, establishing temporal proximity evidencing retaliatory motive.

In First Nat'l Bank of Lake Park v. Gay, 694 So. 2d 784 (Fla. 4th DCA 1997), bad-faith banking actions in response to a depositor's lawful assertions were held tortious.

Defendant's actions here were intended to punish and retaliate against Plaintiffs for asserting lawful rights and fiduciary accountability.

Exhibits J, N, and O confirm retaliatory closure and concealment: REGIONS BANK' account termination followed within days of service of the Notice of Intent to Sue, with internal notes citing "issues with the branch," substantiating retaliation and fiduciary breach.

## CONTINUING HARM

Plaintiff continues to suffer ongoing injury through conversion of trust funds, concealment of accounting records, and obstruction of settlement. Damages continue to accrue per the unrebutted fee schedule and perfected lien on record (see Exhibit H).

## DAMAGES

Plaintiff seeks compensatory, consequential, and punitive damages including:
- $5,000,000.00 for dishonor of negotiable instrument;
- $50,000,000.00 as per private administrative record;
- Additional sums for conversion and retaliatory injury to be proven at trial;
- Costs of suit, interest, and any declaratory or injunctive relief deemed just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, **COLDSTREAM MINISTRIES©**, respectfully requests judgment against Defendant, **REGIONS BANK, N.A.**, as follows:

- For compensatory damages of **$55,000,000.00** for dishonor of the negotiable instrument;
- For consequential and punitive damages for conversion and retaliation;
- For **declaratory judgment** confirming that any arbitration provision asserted by Defendant is void and unenforceable, and that Plaintiff retains the full **Seventh Amendment right to trial by jury**;
- For attorney's fees and costs as may be allowed by law;
- For costs, interest, and such other relief as the Court deems just and proper.

**Plaintiff hereby requires trial by jury on all issues so triable.**

**CERTIFICATION**

Plaintiff certifies that this pleading is filed in good faith and not for any improper purpose, and that the claims presented are warranted by existing law or by a good-faith argument for its extension, modification, or reversal.

**VERIFICATION**

We, the undersigned Trustees of COLDSTREAM MINISTRIES©, declare under penalty of perjury under the laws for the United States of America that the foregoing Complaint and all statements contained herein are **true, correct, and complete to the best of our knowledge, belief, and understanding.**

Executed this _31_ day of _October_, 2025.

Respectfully submitted,

COLDSTREAM MINISTRIES©
By and through its Trustees:

_____ ARP UCC1-308  Date: 10/31/25
Daman-Thomas: Caldwell

_____  Date: 10/31/25
Jennifer-Leigh: Caldwell

In propria persona, sui juris
c/o 10020 Carolina Street
Bonita Springs, Florida Republic [34135]