UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

COLDSTREAM MINISTRIES©,
a private ecclesiastical trust,
by and through its trustees,
DAMAN-THOMAS: CALDWELL and JENNIFER-LEIGH: CALDWELL,
appearing in propria persona, sui juris,

Plaintiff,

v.

REGIONS BANK, N.A.,
a national banking association,

Defendant.

Case No. 2:25-cv-993-KCD-DNF

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT REGIONS BANK, N.A.

Plaintiff, COLDSTREAM MINISTRIES©, by and through its trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell, appearing in propria persona, sui juris, pursuant to the Federal Rules of Civil Procedure, hereby requests that Defendant, Regions Bank, N.A., respond to the following Requests for Admission, Interrogatories, and Requests for Production within the time required by law.

### REQUESTS FOR ADMISSION

Request for Admission No. 1: Admit that Defendant received Plaintiff's Bill of Exchange dated August 25, 2025, a copy of which will be produced as Exhibit A.

Request for Admission No. 2: Admit that the Bill of Exchange tendered by Plaintiff was a negotiable instrument as defined in UCC §3-104.

Request for Admission No. 3: Admit that Defendant did not present Plaintiff's Bill of Exchange to the Federal Reserve Bank or the U.S. Treasury for settlement.

Request for Admission No. 4: Admit that Defendant froze Plaintiff's account on September 25, 2025.

Request for Admission No. 5: Admit that Defendant did not provide Plaintiff with advance notice prior to freezing the account.

Request for Admission No. 6: Admit that Defendant communicated internally about Plaintiff's Bill of Exchange.

Request for Admission No. 7: Admit that Defendant communicated with the Federal Reserve, the U.S. Treasury, or any regulator about Plaintiff's Bill of Exchange.

Request for Admission No. 8: Admit that Plaintiff's Letter of Intent to Sue was received by Defendant prior to the account freeze.

Request for Admission No. 9: Admit that Defendant's freeze of Plaintiff's account caused loss of use of funds.

Request for Admission No. 10: Admit that Defendant failed to release the account freeze after receiving Plaintiff's notices of fault and opportunity to cure.

## INTERROGATORIES

Interrogatory No. 1: Identify all individuals employed by Defendant who handled, reviewed, or made decisions regarding Plaintiff's Bill of Exchange.

Interrogatory No. 2: Describe Defendant's policies and procedures for handling bills of exchange or orders to pay tendered by account holders.

Interrogatory No. 3: State the reason(s) Defendant did not honor or present Plaintiff's Bill of Exchange for settlement.

Interrogatory No. 4: Identify the individual(s) who authorized freezing Plaintiff's account and describe the basis for such action.

Interrogatory No. 5: Describe all communications between Defendant and the Federal Reserve or the U.S. Treasury relating to Plaintiff's Bill of Exchange.

Interrogatory No. 6: State whether Defendant has ever presented a bill of exchange from any private party for settlement, and if so, provide details.

Interrogatory No. 7: Describe the steps Defendant took to notify Plaintiff about the account freeze, including dates and methods of communication.

Interrogatory No. 8: State the amount of funds held in Plaintiff's account at the time of the freeze.

Interrogatory No. 9: Identify any outside counsel, consultant, or regulator Defendant consulted regarding Plaintiff's Bill of Exchange.

Interrogatory No. 10: Describe the process by which Defendant decided not to cure after receiving Plaintiff's notices of fault.

## REQUESTS FOR PRODUCTION

Request for Production No. 1: Produce all copies of Plaintiff's Bill of Exchange, including any scanned or electronic images, endorsements, or handling notes.

Request for Production No. 2: Produce all Fedwire, E-LAPS, or clearing system logs related to the Bill of Exchange tendered by Plaintiff.

Request for Production No. 3: Produce all internal emails, memos, notes, or Teams/Slack chats regarding Plaintiff's Bill of Exchange.

Request for Production No. 4: Produce all communications between Defendant and the Federal Reserve, U.S. Treasury, or IRS regarding Plaintiff's Bill of Exchange.

Request for Production No. 5: Produce all policies, manuals, or compliance documents describing Defendant's handling of bills of exchange or orders to pay.

Request for Production No. 6: Produce all account statements and ledgers for Plaintiff's Coldstream Ministries© account covering August 2025 through October 2025.

Request for Production No. 7: Produce all records documenting the account freeze, including date/time, authorizing official, and reason codes.

Request for Production No. 8: Produce all notices sent to Plaintiff regarding the account freeze.

Request for Production No. 9: Produce any privilege logs for documents withheld relating to Plaintiff's Bill of Exchange or account freeze.

Request for Production No. 10: Produce all documents evidencing communications with outside counsel, regulators, or auditors regarding Plaintiff's Bill of Exchange.

Respectfully submitted,

COLDSTREAM MINISTRIES©
By and through its Trustees:

_____ Date: 10/31/25
Daman-Thomas: Caldwell

_____ Date: 10/31/25
Jennifer-Leigh: Caldwell

In propria persona, sui juris
c/o 10020 Carolina Street
Bonita Springs, Florida Republic