UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| COLDSTREAM MINISTRIES©, a private ecclesiastical trust, by and through its Trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell, appearing in propria persona, sui juris <br><br> Plaintiff, <br><br> v. <br><br> REGIONS BANK, N.A. <br><br> Defendants. | No. 2:25-cv-993-KCO-ONF |

### DEFENDANT REGIONS BANK'S MOTION TO DISMISS

Defendant Regions Bank ("Regions"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Complaint filed by Plaintiff Coldstream Ministries© ("Coldstream"). In support, Regions states:

### SUMMARY OF THE ARGUMENT

The Complaint suffers from at least two fatal deficiencies. First, Coldstream is a "private ecclesiastical trust," and as such, cannot be represented by "Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell, appearing in propria persona" (together, the "Caldwells"). Second, the Complaint is predicated on frivolous

"sovereign citizen" legal theories and accordingly fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Complaint should therefore be dismissed with prejudice, or alternatively, struck.

## SUMMARY OF THE COMPLAINT

The Complaint includes three counts against Regions. Count I, Dishonor of Negotiable Instrument, alleges that Coldstream presented to Regions a "Private Discharge and Settlement Instrument" or "Bill of Exchange" for $5,000,000 and that Regions improperly dishonored the purported instrument. This Private Discharge and Settlement Instrument purportedly draws from the "Daman Thomas Caldwell© Trust," on the purported authority of "Private Banker and Trustee: Daman-Thomas: Caldwell." (ECF No. 1-2, at 16). The instrument is allegedly "backed by Bond No. RR767296200 US, issued under Divine Law and the authority vested in the Private Banker." (*Id.*). As the apparent contractual basis for Regions' duty as to the Private Discharge and Settlement Instrument, Coldstream attached to its Complaint a "Private Profit-Sharing Agreement," which is neither executed by a Regions representative nor alleged to have been executed by a Regions representative. (*Id.* at 8). On the contrary, the Private Profit-Sharing Agreement, which is allegedly "established and enforced under Divine Law, Universal Law, and the Private Law of the Coldstream Ministries Trust," purports to bind Regions via the inclusion of

the phrase "failure to rebut within ten (10) business days of receipt shall be construed as full acceptance." (*Id.*).

Count II of the Complaint, styled "Conversion," alleges that Regions improperly froze Coldstream's account and that said account freeze constituted conversion of the funds in the account. (Pl.'s Compl. 9, ECF No. 1). Similarly, Count III, styled "Retaliation and Bad Faith," alleges that the freeze of the Coldstream account was in retaliation for Coldstream "asserting lawful rights and fiduciary accountability." (*Id.* at 10). As to damages, Coldstream seeks $5,000,000 for dishonor of negotiable instrument, $50,000,000 "as per private administrative record," and other amounts to be proven at trial. (*Id.*). As detailed below, the Complaint is fatally flawed, amendment would be futile, and dismissal with prejudice is appropriate.

## ARGUMENT

Dismissal is appropriate because (I) Coldstream must be, but is not, represented by counsel, and (II) the Complaint is frivolous and fails to state a claim.

### I. The Complaint is a legal nullity because Coldstream is not represented by counsel.

The Eleventh Circuit is unequivocal: "[a] trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.'" *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

3

(11th Cir. 1985)); *see id.* ("[A] nonlawyer trustee has no authority to represent a trust in court."). Applying this straightforward prohibition, district courts in the Eleventh Circuit readily dismiss pro se complaints filed on behalf of trusts. *See, e.g.*, *Dey v. JP Morgan Chase Bank & Co.*, No. 3:24-CV-987-MMH-SJH, 2025 WL 81329, at *3 (M.D. Fla. Jan. 13, 2025); *Skipper v. Shell Point Mortg. Servicing, LLC*, No. 4:25-CV-261-RH/MJF, 2025 WL 1824835, at *1 (N.D. Fla. June 30, 2025). In fact, a pro se complaint filed "on behalf of [a] trust is a legal nullity[.]" *See Skipper*, 2025 WL 1824835, at *1. This basic principle is fatal to the Complaint.

This action is brought by "Coldstream Ministries©, a private ecclesiastical trust, by and through its trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell, appearing in propria persona, sui juris." (Pl.'s Compl. 1, ECF No. 1).The Complaint is signed by "Daman-Thomas: Caldwell" and "Jennifer-Leigh: Caldwell" "in propria persona, sui juris." (*Id.* at 12). Indeed, the civil cover sheet lists the Caldwells as the "Attorneys," again "in propria persona, sui juris." (ECF No. 1-4). "In propria persona" is a synonym for "pro se," *see Pro se litigant*, *Black's Law Dictionary* (12th ed. 2024), and the Caldwells' pro se representation of Coldstream is expressly forbidden under Eleventh Circuit precedent, *see J.J. Rissell, Allentown, PA Tr.*, 976 F.3d at 1235. As such, Regions requests that the Court strike the Complaint. *See Skipper*, 2025 WL 1824835, at *2.

4

**II.     The Complaint relies on frivolous legal theories and fails to state a claim.**

The Complaint clearly relies on sovereign citizen theories, and as such, is subject to summary dismissal with prejudice as frivolous. *See Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *1 (M.D. Fla. May 12, 2025) ("Sovereign citizens often employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings. Most courts, including those in the Eleventh Circuit, summarily reject their legal theories, arguments, and allegations as frivolous.") (citation omitted); *see also United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as frivolous) (citing *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Young v. PNC Bank, N.A.*, No. 3:16CV298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) ("Their arguments and outlandish legal theories have been consistently rejected."); *Lebron v. BMW Fin. Servs.*, No. 6:21-CV-958-DCI, 2021 WL 9594003, at *3 (M.D. Fla. Dec. 13, 2021) (collecting cases). Indeed, the Complaint and its exhibits include various "hallmarks" of sovereign citizen theory that courts have found sufficient to warrant summary dismissal. *See Lebron*, 2021 WL 9594003, at *2–3.

Courts have identified such "hallmarks," including: citing to the Uniform Commercial Code unnecessarily, *see id.*; prefacing one's name with "All Rights

Reserved," *see id.*; using unorthodox naming conventions for individuals, *see id.*; relying on a "red ink thumbprint," *see Colella*, 2025 WL 1370200, at *2; and using "old-timey legalese to assert nonsense claims," *see id.* The Complaint and its exhibits include each of these hallmarks, and more. For example, the Complaint and its exhibits regularly and illogically cite the Uniform Commercial Code, and the Caldwells repeatedly claim to reserve all rights. (*See, e.g.*, ECF No. 1-2, at 1, 3, 20, 22, 24, 29, 30, 32; ECF No. 1-4). Moreover, the Complaint places heavy import on a "red-thumbprint seal," (Pl.'s Compl. 3, ECF No. 1), and the Complaint's exhibits include numerous documents executed with such a seal, (*see, e.g.*, ECF No. 1-2, at 7, 10, 13, 15, 17, 20, 22, 30, 32, 36, 38, 41, 55). Further, the Caldwells utilize strange naming conventions for themselves, printing their names with out-of-place hyphens and colons. (*See, e.g.,* Pl.'s Compl. 12, ECF No. 1).

Beyond these obvious indicators of sovereign citizen theory, the Complaint and its exhibits include more subtle tells as well, including, but not limited to:

- referring to Coldstream as a "non-domestic" "private ecclesiastical trust," (ECF No. 1-2, at 6);
- referring to "the Caldwell Nation," (*id.* at 7);
- referring to Daman Caldwell as a "living man," (*id.* at 10);
- purporting to create a "Private Banker Charter" "under Divine Law, Universal Law, and the law of private contract," (*id.*);
- describing the location of Coldstream as the "Florida Republic," (*id.* at 13); and

6

- seeking damages of $50,000,000 based on "private administrative record," (Pl.'s Compl. 10, ECF No. 1).

It is therefore clear that Coldstream relies on universally condemned sovereign citizen legal theories. As such, the Complaint should be dismissed with prejudice as frivolous. *See Sterling*, 738 F.3d at 233 n.1 (citing *Benabe*, 654 F.3d at 761–67). Separately, but as a result of Coldstream's reliance on spurious legal theories, the Complaint fails to state a claim under Rule 12(b)(6).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim for relief that is "plausible" on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "It is not enough to put forth facts showing it is possible that a defendant might be liable." *Young*, 2018 WL 1251920, at *1. To meet the plausibility standard, the plaintiff must plead sufficient facts that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Each count of the Complaint fails to meet this standard.

Coldstream's claim for Dishonor of a Negotiable Instrument (Count I) is predicated on a series of patently void supposed agreements. *See Fed. Ins. Co. v. NCNB Nat. Bank of N. Carolina*, 958 F.2d 1544, 1548 (11th Cir. 1992) ("Section 401 of the Uniform Commercial Code (UCC) (Fla. Stat. § 674.401(1)) similarly

7

contemplates that a bank will pay only in accordance with its contractual obligations to its customers."). The Complaint implicitly relies on the undated, unsigned "Private Profit-Sharing Agreement" allegedly entered into by Coldstream and Regions. (ECF No. 1-2, at 8). But the Complaint does not allege that Regions executed or otherwise entered into that agreement, and as such, the Complaint must rely on the negative consent provision contained therein. Of course, no meeting of the minds can occur, and thus, no contract can be formed, on the basis of negative consent. *See de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 681 (Fla. 1st DCA 2007) ("[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract[.]"); *see also McKenna v. Obama*, No. 3:15CV335/MCR/CJK, 2016 WL 5213940, at *1 (N.D. Fla. Aug. 19, 2016), *report and recommendation adopted*, No. 3:15CV335/MCR/CJK, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016) (noting the sovereign citizen tactic of "us[ing] 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making" and that "[s]uch tactics do not create valid legal documents"). Accordingly, the Complaint fails to allege that Regions was under any obligation to do anything in regard to the "Private Discharge and Settlement Instrument," such that the claim for dishonor necessarily fails.

Compounding this problem is the facial absurdity of the Private Discharge and Settlement Instrument. (ECF No. 1-2, at 16). The drawee is described as:

> DAMAN THOMAS CALDWELL© TRUST
> Private Banker and Trustee: Daman-Thomas: Caldwell
> 98-EIN: 98-6140827
> Bond No: RR767296200 US

(*Id.*). The instrument is only executed by the purported trust. (*Id.*). However, Coldstream does not allege that the "DAMAN THOMAS CALDWELL© TRUST" is a customer of Regions, nor does the Private Discharge and Settlement Instrument define the drawee with reasonable specificity by, at a minimum, describing to Regions where it could potentially access the funds described in the instrument. *See First Bank of Marianna v. Havana Canning Co.*, 195 So. 188, 189 (Fla. 1940). On the contrary, the "DAMAN THOMAS CALDWELL© TRUST" appears to be yet another signifier of nonsense sovereign citizen theory. *See McKenna*, 2016 WL 5213940, at *1 (citing *Bryant v. Washington Mut. Bank*, No. 6:07cv00015, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen"). Regions had no obligation, or even the ability, to honor the Private Discharge and Settlement Instrument by withdrawing funds from a non-existent trust. Thus, Coldstream's claim for dishonor fails to state a claim and should be dismissed with prejudice. *See Hennis v. Trustmark Bank*, No.

9

CIV.A.210CV20KSMTP, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases wherein courts declined to give effect to bogus negotiable instruments based on sovereign citizen theories).

Coldstream's claim for Conversion (Count II) also fails to state a claim. According to Coldstream, Regions converted Coldstream's funds when Regions froze Coldstream's bank account for suspicious activity. Putting aside the fact that Regions acted well within its rights to freeze the account because the account holder attempted to pass off a fake $5,000,000 negotiable instrument, Regions also expressly disclaimed any ownership interest in the funds when Regions advised Coldstream that Regions would be sending Coldstream a check for the balance of the account. (ECF No. 1-2, at 56); *see IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 1306 (M.D. Fla. 2013), *aff'd*, 589 Fed. Appx. 479 (11th Cir. 2014) ("The essence of conversion, however, is not the possession of property by the wrongdoer, but rather such possession in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property."). As such, Count II for conversion must also be dismissed for failure to state a claim.

Lastly, Coldstream's claim for "Retaliation and Bad Faith" (Count III), which seems to be based on Regions' closing of Coldstream's account, also fails to state a claim and should be dismissed. First, such a claim appears to be unprecedented under Florida law, *see Federal Insurance Company*, 958 F.2d at 1548 ("[T]he

relationship between a bank and its depositing customer is contractual."), and Coldstream alleges no contractual basis for imposing liability. Indeed, the case that Coldstream cites in support of this theory, *First National Bank of Lake Park v. Gay*, was a commercial lease dispute between a bank and its lessor—banking practices were not at issue, *see generally*, 694 So. 2d 784 (Fla. 4th DCA 1997). Second, the Complaint simply fails to allege that Regions' actions were in bad faith. On the contrary, the Complaint alleges (and relies on) significant suspicious and fraudulent activity on the part of Coldstream, and Regions accordingly froze and subsequently closed Coldstream's account. As such, Count III of the Complaint should also be dismissed with prejudice for failure to state a claim.

## **CONCLUSION**

The Complaint should be dismissed with prejudice because it relies on patently frivolous legal theories and fails to state a claim. *See Colella*, 2025 WL 1370200, at *2 ("'[I]n light of the baseless legal theories underlying [Plaintiff's] claims,' the Court finds that amendment of the complaint would be futile.") (quoting *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming the dismissal of a sovereign citizen complaint without leave to amend)). Alternatively, the Complaint should be struck because Coldstream is not represented by counsel.

WHEREFORE, Defendant Regions Bank, respectfully requests that Plaintiff Coldstream Ministries's Complaint be dismissed with prejudice pursuant to Federal

Rule of Civil Procedure 12(b)(6). Alternatively, Defendant Regions Bank respectfully requests that Coldstream Ministries's Complaint be struck.

Dated this 2nd day of December, 2025.

                                    **HOLLAND & KNIGHT LLP**

                                    */s/ Joshua H. Roberts*
                                    Joshua H. Roberts
                                    Floria Bar No. 042029
                                    50 North Laura Street, Suite 3900
                                    Jacksonville, FL 32202
                                    Telephone: (904) 353-2000
                                    Facsimile:  (904) 358-1872
                                    E-mail: josh.roberts@hklaw.com
                                    Secondary: cathy.luke@hklaw.com

                                    and

                                    Luis Balart
                                    Florida Bar No. 1045388
                                    100 North Tampa St., Suite 4100
                                    Tampa, FL 33602
                                    Telephone (813) 227-8500
                                    Facsimile: (813) 229-0134
                                    E-mail: luis.balart@hklaw.com

                                    *Attorneys for Regions Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2025, a copy of the foregoing sent via registered mail to: Coldstream Ministries, 10020 Carolina Street, Bonita Springs, Florida 34135.

*/s/ Joshua H. Roberts*
*Attorney for Regions Bank*
