DEC 3 2025 AM 11:50
FILED - USDC - FLMD - FTM

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

COLDSTREAM MINISTRIES©,

a Private Ecclesiastical Trust,

by and through its Trustees,

Daman-Thomas: Caldwell and

Jennifer-Leigh: Caldwell,

Plaintiff,

v.

REGIONS BANK, N.A.,

Defendant.

Case No.: 2:25-cv-00993-KCD-DNF

Plaintiff appears in proper person, sui juris, not pro se, and not as an artificial entity, but in its private ecclesiastical capacity through its trustees.

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Defendant Regions Bank, N.A. attempts to dismiss this action not by confronting the factual

allegations or the governing law, but through rhetoric, mischaracterizations, and legally irrelevant

labels. Regions does not dispute the core facts: that Plaintiff served a Letter of Intent to Sue at

11:53 AM; that Regions froze Plaintiff's trust account 23 minutes later; that access was denied

for eight days; that no Suspicious Activity Report (SAR) was filed; that Regions refused to

respond to CFPB, OCC, and FDIC inquiries; and that its internal notes contained the directive

"AUTO CLOSE ACCOUNT — DO NOT REMOVE." These facts, accepted as true, easily state

plausible claims under Florida law for wrongful dishonor, conversion, and retaliation.

## II. STATEMENT OF FACTS

Plaintiff COLDSTREAM MINISTRIES© is a 508(c)(1)(A) Private Ecclesiastical Trust operating

through its living trustees. On the date of the events, Plaintiff delivered a Letter of Intent to Sue

to Regions at 11:53 AM. At 12:16 PM—twenty-three minutes later—Regions froze the trust

account. The freeze included online lockout, ACH blockage, debit-card disablement, and

prevention of viewing internal records. The deprivation lasted eight days, and Plaintiff was forced

to appear in person at a branch, where an employee disclosed an internal instruction reading:

"AUTO CLOSE ACCOUNT — DO NOT REMOVE." Regions refused to provide any written

explanation and declined to respond to multiple oversight agencies. No SAR or AML

documentation exists. These facts are undisputed by Defendant.

### III. RULE 12(b)(6) STANDARD

A motion to dismiss requires the Court to accept all well-pled facts as true and draw all

reasonable inferences in Plaintiff's favor. Under Twombly and Iqbal, a complaint need only state a

plausible claim for relief. Plaintiff's Complaint far exceeds this minimal threshold, providing

detailed chronology, specific actions, and concrete harm.

### IV. DEFENDANT'S MOTION VIOLATES RULE 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) must therefore do more than label a complaint "defective" or "frivolous"—it must explain why, assuming the facts pled are true, no claim exists as a matter of law.

Regions' Motion does not do this. Instead of engaging with the factual allegations and the elements of the causes of action, the Motion:

• relies heavily on rhetoric and the label "sovereign citizen," which appears nowhere in the Complaint;

• fails to identify which specific factual allegations are supposedly insufficient under Twombly and Iqbal;

• offers no coherent alternative factual narrative;

• ignores entire categories of allegations, including the eight-day freeze, the internal "AUTO CLOSE ACCOUNT — DO NOT REMOVE" instruction, the 23-minute timing between the Letter of Intent to Sue and the freeze, and the absence of any SAR or AML documentation; and

• cites no Florida UCC provision that would render Plaintiff's instrument non-negotiable

or justify bypassing statutory dishonor procedures. A Rule 12(b)(6) motion must provide a legally grounded explanation of why the complaint fails as a matter of law **if the facts are taken as true**. Regions' Motion instead asks the Court to ignore those facts and accept its characterizations. That is insufficient under Rule 8(a)(2) and provides an independent basis to deny the Motion.

## IV. IMPROPER RHETORIC AND MISCHARACTERIZATION

Regions repeatedly invokes the phrase "sovereign citizen," a label that appears nowhere in

Plaintiff's Complaint and bears no relevance to the claims. This terminology is inflammatory,

improper under Fed. R. Civ. P. 12(f), and serves only to distract from the substantive legal issues.

Plaintiff's ecclesiastical trust structure is a recognized form of religious organization— not a

commercial entity and not a sovereign-citizen construct.

## V. ECCLESIASTICAL TRUST STANDING

Plaintiff is a private ecclesiastical trust, operating under First Amendment protection. Trustees

may appear sui juris. Corporate-trust cases cited by Regions are inapplicable because Plaintiff is

not a statutory business trust. Ecclesiastical entities are not subject to corporate-representation

requirements, and no law prohibits trustees from appearing on behalf of their trust.

Defendant's argument assumes that any "trust" is functionally identical to a corporation and therefore must appear through counsel. That is not the law. In *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464–66 (1980), the Supreme Court held that trustees who "possess certain customary powers to hold, manage, and dispose of assets for the benefit of others" are the real parties in interest and may "sue in their own right." Here, the trustees of

COLDSTREAM MINISTRIES© hold legal title to trust assets, administer the trust estate, and are bound by fiduciary duty to protect trust property. They appear in sui juris capacity as principals administering and enforcing trust rights—not as unauthorized "representatives" of a corporation. Regions cites no case holding that a private ecclesiastical trust, acting through its trustees, must retain a bar-licensed attorney to access the courts.

## VI. VALIDITY OF INSTRUMENT UNDER FLORIDA UCC

Plaintiff's instrument meets all criteria of a negotiable instrument under Fla. Stat. §673.1041.

Under §673.1091, a drawee need not be identified for negotiability. Regions failed all required

procedures for presentment, dishonor, and notice under §§673.5011–673.5031. Calling the

instrument "absurd" is not legal analysis and does not justify bypassing statutory duties.

Regions repeatedly asserts that the instrument was "fake" or "fraudulent" because it allegedly did not identify a drawee, but it cites no provision of the Florida UCC to support that conclusion. To the contrary, Fla. Stat. § 673.1091(2) expressly provides that an instrument may be payable even if the drawee is not identified in the instrument. Negotiability is determined by the statutory elements in § 673.1041, not by a bank's subjective impression of what the paper "looks like."

Even if Regions genuinely doubted the instrument, Florida's UCC required it to follow the statutory presentment and dishonor procedures in §§ 673.5011–673.5031 and, if it chose to dishonor, to document and notify the customer in good faith. Regions bypassed those procedures entirely and instead simply froze the entire account. That is not how Article 3 and Article 4 authorize a bank to respond to a negotiable instrument.


## VII. GOOD FAITH BREACH

Florida's UCC imposes a duty of good faith in every transaction. Freezing an account 23 minutes

after receiving a litigation notice, refusing to provide documentation, depriving access for eight

days, and ignoring regulator inquiries all constitute bad faith under Fla. Stat. §671.203.

The Eleventh Circuit has recognized that retaliation claims are not confined to employment law. In *Bennett v. Hendrix*, 423 F.3d 1247, 1255 (11th Cir. 2005), the court held that adverse action taken in response to protected conduct is actionable where it "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Likewise, in *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289–90 (11th Cir. 2019), the court confirmed that retaliation for litigation or petitioning activity violates the right to petition.

Here, Plaintiff engaged in protected activity by serving a Letter of Intent to Sue. Within 23 minutes, Regions froze the trust account, locked all access, and later posted an internal "AUTO CLOSE ACCOUNT — DO NOT REMOVE" instruction. That timing, combined with the absence of any SAR or AML process, more than plausibly alleges retaliatory motive under these standards.

## VIII. WRONGFUL DISHONOR

Fla. Stat. §674.402 imposes strict liability when a bank wrongfully dishonors an item or denies

access without legal justification. Regions' freeze of Plaintiff's account—unsupported by law,

unaccompanied by documentation, and inconsistent with BSA/AML procedures—constitutes

wrongful dishonor.

## IX. CONVERSION

failures—that easily satisfy federal pleading requirements. Regions improperly seeks to resolve

facts at the dismissal stage, which is impermissible under Rule 12(b)(6).

## XIII. REGIONS' INTERNAL CONTRADICTIONS

Regions' motion contains multiple errors: incorrect judge initials, mischaracterization of the

trust, failure to address the eight-day freeze, silence on the 23-minute timing, no explanation of

the internal instruction, and absence of SAR. These contradictions undermine the credibility of

its motion.

## XIV. MOTION TO STRIKE

Defendant's repeated use of the label "sovereign citizen" is immaterial, impertinent, and scandalous within the meaning of Fed. R. Civ. P. 12(f). The phrase appears nowhere in Plaintiff's Complaint or exhibits, has no bearing on the elements of wrongful dishonor, conversion, retaliation, UCC negotiability, or trustee standing, and serves only to inflame and prejudice. Federal courts routinely reject attempts to dismiss a litigant's claims based on pejorative labeling rather than substantive analysis of the pleadings. The Court should strike these references and evaluate the Complaint under Rule 8 and Rule 12(b)(6), not under Defendant's rhetoric.

## XIII. ESTOPPEL BARS REGIONS FROM SHIFTING POSITIONS

Regions cannot have it both ways. It cannot:
• open and maintain a trust account in Plaintiff's name;
• accept deposits and process transactions;
• treat the trustees as authorized to act;
• freeze the account and internally direct "AUTO CLOSE ACCOUNT — DO NOT REMOVE";

and then, only once sued, assert that the trust is somehow not real or that the trustees lack capacity to seek relief.

Under equitable estoppel, judicial estoppel, and quasi-estoppel principles, a party that has induced reliance by its prior conduct and enjoyed the benefits of a relationship may not later repudiate that relationship to escape responsibility. Regions enjoyed the benefits of having Plaintiff as a customer and exercised extensive control over Plaintiff's funds. It is estopped from now denying the trust's capacity or the trustees' authority in order to avoid answering for the freeze and deprivation of access.

## XV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, strike improper

terminology, permit this action to proceed, and grant leave to amend if necessary.


Respectfully submitted,

**COLDSTREAM MINISTRIES©**

a Private Ecclesiastical Trust

appearing in proper person, sui juris

by and through its Trustees:


**/s/ Daman-Thomas: Caldwell**

Trustee, Sui Juris


**/s/ Jennifer-Leigh: Caldwell**

Trustee, Sui Juris


Mailing Address:

c/o 10020 Carolina Street

Bonita Springs, Florida Republic [34135]

## DECLARATION UNDER PENALTY OF PERJURY

IPursuant to 28 U.S.C. § 1746, we, the undersigned Trustees of COLDSTREAM MINISTRIES©, declare under penalty of perjury under the laws of the United States of America that the foregoing filing is true and correct to the best of our knowledge, information, and belief.

Executed on this 3 day of Dec , 2025.

Jennifer-Leigh: Caldwell, Trustee
in propria persona, sui juris

Daman-Thomas: Caldwell, Trustee
in propria persona, sui juris

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3 day of Dec , 2025, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which automatically serves all counsel of record, including:

Presented by
COLDSTREAM MINISTRIES©
c/o 10020 Carolina Street
Bonita Springs, FL 34135

Appearing through its Trustees, in propria persona, sui juris:
Jennifer-Leigh: Caldwell, Trustee
Daman-Thomas: Caldwell, Trustee

Presented to:
Joshua H. Roberts
Holland & Knight, LLP
Suite 3900
50 N Laura St
Jacksonville, FL 32202
904/353-2000
Email: josh.roberts@hklaw.com
LEAD ATTORNEY, ATTORNEY TO BE NOTICED