UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLDSTREAM MINISTRIES©, a Private Ecclesiastical Trust,
by and through Trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell
Plaintiff,

Case No. 2:25-cv-00993

v.

REGIONS BANK, N.A.,
Defendant.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT — Based on Perfected Private Administrative Judgment (Full Damages)

## I. INTRODUCTION

There is no genuine dispute of material fact. Prior to filing this action, Plaintiff completed a private administrative process wherein Defendant Regions Bank, N.A. ("Regions") was duly noticed, afforded full opportunity to cure, and stood in dishonor. Plaintiff's Private Administrative Judgment was thereby perfected by estoppel and acquiescence. After Plaintiff served a $5,000,000 negotiable instrument for settlement and demanded fiduciary accounting, Regions froze the Trust account, interfered with deposits, refused to account, and then closed the account in retaliation. Under Rule 56(c)(1)(A), the Court may grant summary judgment based on the documentary record already before it. Plaintiff seeks entry of judgment for full damages in the amount of $55,000,000.00, plus costs and interest.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is a Private Ecclesiastical Trust, non-domestic, operating in the private, with domicile in the Florida Republic.

2. Defendant Regions Bank, N.A. is a national banking association with principal offices in Birmingham, Alabama.

3. On a date certain prior to suit, Plaintiff presented to Regions a $5,000,000 negotiable instrument (Bill of Exchange/order to pay) for settlement and discharge on behalf of the Trust Estate. Regions accepted presentment and had actual notice of the instrument.

4. Plaintiff lawfully demanded full fiduciary accounting ledgers for the Trust account and for the $5,000,000 instrument no later than six (6) weeks after Regions' acceptance; Regions failed and refused to account.

5. Plaintiff completed a private administrative process consisting of notices, conditional acceptances, fee schedule, opportunity to cure, and final estoppel. Regions failed to rebut within stated timeframes. Plaintiff's Private Administrative Judgment was thereby perfected by dishonor.

6. After notice and opportunity to cure, Regions froze the Trust account, interfered with deposits and use, and subsequently closed the account without lawful cause or proper cure.

7. Plaintiff served a written Preservation of Evidence & Records demand requiring retention and production of ledgers, Fedwire/clearing logs, internal emails, policies, and correspondence. Plaintiff filed notice of that demand into the court record.

8. Plaintiff served Requests for Admission, Interrogatories, and Requests for Production targeting those ledgers, communications, and policies.

9. Regions has represented it cannot produce certain ledgers/records; to the extent evidence was not preserved after Plaintiff's demand, spoliation applies under Rule 37(e).

## III. LEGAL STANDARD

Summary judgment shall be entered if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party may support a motion with "materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations." Fed. R. Civ. P. 56(c)(1)(A).

## IV. ARGUMENT

A. The Private Administrative Judgment Establishes Liability; No Material Facts Remain.

The undisputed record shows Regions received Plaintiff's notices, opportunities to cure, and final estoppel, and failed to rebut. Under principles of estoppel by acquiescence, the facts are settled: Regions stood in dishonor and in breach of fiduciary duty. The Private Administrative Judgment, together with preserved proofs of service and correspondence, constitutes admissible documentary evidence under Rule 56(c)(1)(A). Accordingly, there is no genuine dispute of material fact as to liability.

B. Dishonor, Conversion, and Retaliatory Closure Support Judgment as a Matter of Law.

After accepting presentment of the $5,000,000 instrument, Regions refused fiduciary accounting, interfered with deposits, froze the Trust account, and closed the account in retaliation. Those acts constitute commercial dishonor, conversion of trust property, and

breach of fiduciary obligations. Regions' failure to preserve ledgers and clearing logs—after Plaintiff's preservation demand—further supports adverse inferences and sanctions for spoliation under Rule 37(e).

C. The Documentary Record Satisfies Rule 56(c).

Plaintiff's evidence includes: (i) the Private Administrative Judgment; (ii) mailing proofs and notices; (iii) preservation demand filed in the record; (iv) discovery requests served; and (v) Regions' correspondence and closure notice. Collectively, these materials establish the absence of any material factual dispute and entitle Plaintiff to judgment as a matter of law.

*Pursuant to Federal Rule of Civil Procedure 56(c)–(e), the opposing party bears the burden of responding to each numbered statement of material fact with specific citations to admissible evidence in the record. Any fact not so controverted is deemed admitted for purposes of this motion. Regions Bank, N.A., therefore must address each factual assertion and corresponding exhibit with competent record evidence; generalized denials or argument are insufficient. Should Defendant fail to do so, the Court may consider the facts undisputed and grant summary judgment in Plaintiff's favor as a matter of law.*

## V. DAMAGES

Plaintiff seeks full damages in the amount of FIFTY-FIVE MILLION DOLLARS ($55,000,000.00), comprised of compensatory and punitive damages for commercial dishonor, conversion, interference with trust administration, and retaliatory closure; together with costs, post-judgment interest, and such equitable relief as the Court deems just.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:
1. GRANTING this Motion for Summary Judgment;
2. ENTERING JUDGMENT for Plaintiff and against Defendant Regions Bank, N.A. in the amount of $55,000,000.00, plus taxable costs and post-judgment interest;
3. RECOGNIZING the Private Administrative Judgment as evidentiary support of liability; and
4. AWARDING such other and further relief as the Court deems just and proper.


Respectfully submitted,

COLDSTREAM MINISTRIES© — Private Ecclesiastical Trust
By: Daman-Thomas: Caldwell, Trustee and Jennifer-Leigh: Caldwell, Trustee
All Rights Reserved — UCC 1-308 — Without Prejudice — Non-Assumpsit — ARR

**CERTIFICATE OF SERVICE**

I certify that on this date a true and correct copy of the foregoing was served upon the following by Certified Mail, Return Receipt Requested, and/or by any electronic means authorized by the Court or consent of the parties:

Corporation Service Company (CSC)
Registered Agent for Regions Bank, N.A.
1201 Hayes Street
Tallahassee, FL 32301-2525

Dated: Dec 3 2025

By: _____ AKR
Daman-Thomas: Caldwell, Trustee
COLDSTREAM MINISTRIES©

By: _____ ARR
Jennifer-Leigh: Caldwell, Trustee
COLDSTREAM MINISTRIES©

**EXHIBIT INDEX (to be attached with Motion)**

Exhibit A – Private Administrative Judgment and Final Estoppel

Exhibit B – Proofs of Service / Mailing Records

Exhibit C – Preservation of Evidence & Records Demand (and Notice of Filing)

Exhibit D – Discovery Requests (RFAs, ROGs, RFPs) and Related Correspondence

Exhibit E – Regions Account Freeze/Closure Notice and Returned Funds Evidence

## DECLARATION UNDER PENALTY OF PERJURY

IPursuant to 28 U.S.C. § 1746, we, the undersigned Trustees of COLDSTREAM MINISTRIES©, declare under penalty of perjury under the laws of the United States of America that the foregoing filing is true and correct to the best of our knowledge, information, and belief.

Executed on this 3 day of Dec , 2025.

_Jennifer-Leigh: Caldwell, Trustee_
in propria persona, sui juris

_Daman-Thomas: Caldwell, Trustee_
in propria persona, sui juris

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3 day of Dec , 2025, a true and correct copy of the foregoing was filed through the Court's CM/ECF system, which automatically serves all counsel of record, including:

Presented by
COLDSTREAM MINISTRIES©
c/o 10020 Carolina Street
Bonita Springs, FL 34135

Appearing through its Trustees, in propria persona, sui juris:
Jennifer-Leigh: Caldwell, Trustee
Daman-Thomas: Caldwell, Trustee

Presented to:
Joshua H. Roberts
Holland & Knight, LLP
Suite 3900
50 N Laura St
Jacksonville, FL 32202
904/353-2000
Email: josh.roberts@hklaw.com
LEAD ATTORNEY, ATTORNEY TO BE NOTICED