UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLDSTREAM MINISTRIES, A
PRIVATE ECCLESIASTICAL
TRUST, BY AND THROUGH ITS
TRUSTEES, DAMAN-THOMAS:
CALDWELL AND JENNIFER-
LEIGH: CALDWELL, APPEARING
IN PROPRIA PERSONA, SUI
JURIS,

    Plaintiff,

  v.

REGIONS BANK, N.A., A
NATIONAL BANKING
ASSOCIATION,

    Defendant.
_____/

Case No. 2:25-cv-993-KCD-DNF

## ORDER

Coldstream Ministries, proceeding without a lawyer, is a "private ecclesiastical trust domiciled within the Florida Republic, acting by and through its living trustees, Daman-Thomas: Caldwell and Jennifer-Leigh: Caldwell." (Doc. 1 at 2.) Although Rule 17 of the Federal Rules of Civil Procedure allows a trustee to sue on behalf of the trust (the real party in interest), Rule 17 does not confer upon the trustee the right to serve as legal counsel for the trust. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that Rule 17 "permits authorized

representatives ... to sue on behalf of [the person or entity for whose benefit the action is brought], but does not confer any right upon such representatives to serve as legal counsel"), *overruled in part on other grounds*, *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). "[A] nonlawyer trustee has no authority to represent a trust in court." *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) (noting that "an advocate who is not a member of the bar may not represent clients (other than himself) in court").

The right to appear pro se is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others. *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (noting that although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *see also, e.g., Withers v. Bradshaw*, No. 20-13845-D, 2021 WL 1525484, at *1 (11th Cir. Mar. 3, 2021).

Thus, the complaint filed by Daman-Thomas and Jennifer-Leigh Caldwell on behalf of the trust is a legal nullity that must be disregarded. *See Hernandez v. Espinosa*, No. 08-22768-CIV, 2008 WL 4540990, at *1 (S.D. Fla.

2

Oct. 9, 2008) (quoting *Simon v. Leaderscape LLC*, No. 06-80797-CIV, 2007 WL 1879393, at *1 (S.D. Fla. June 26, 2007) ("a pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded")); *Dey v. JP Morgan Chase Bank & Co.*, No. 3:24-cv-987-MMH-SJH, 2025 WL 81329, at *3-4 (M.D. Fla. Jan. 13, 2025); *Skipper v. Shell Point Mortg. Servicing, LLC*, No. 4:25-CV-261-RH/MJF, 2025 WL 1824835 (N.D. Fla. June 30, 2025).

It is **ORDERED**:

1. The Clerk is directed to **STRIKE** Plaintiff's complaint (Doc. 1).

2. If Plaintiff desires to proceed with this action, it must obtain counsel by **January 5, 2026**, and counsel must file an amended pleading by that date. **Failure to obtain counsel will result in the case being closed without further notice**.

3. Defendant's motion to dismiss (Doc. 7) and Plaintiff's motion for summary judgment (Doc. 13) are **DENIED AS MOOT** pending the appearance of counsel on Plaintiff's behalf.

**ENTERED** in Fort Myers, Florida on December 8, 2025.

Kyle C. Dudek
United States District Judge

3