UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DAMAN-THOMAS CALDWELL,

and

JENNIFER-LEIGH CALDWELL,

Plaintiffs,

v.

REGIONS BANK, N.A.,

Defendant.

Case No.: 2:25-cv-00993-KCD-DNF

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

This action arises from REGIONS BANK's wrongful freeze and closure of Plaintiffs' fiduciary trust account immediately after Plaintiffs issued written notices disputing unauthorized debits and requesting full accounting. Within minutes of receiving Plaintiffs' Notice of Intent to Sue, REGIONS BANK locked Plaintiffs out of their account, withheld access to trust funds, and subsequently closed the account without prior written notice, explanation, or reconciliation.

REGIONS BANK's conduct constitutes conversion of identifiable funds, breach of duties owed to account holders, and retaliation in direct response to Plaintiffs' protected activity of reporting disputes and asserting their rights. As a result of REGIONS BANK's bad-faith actions, Plaintiffs suffered financial loss, disruption of fiduciary and ministerial operations, and consequential damages.

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and involves a national banking association. Venue lies in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within Lee County, Florida.

## PARTIES

1. Plaintiffs Daman-Thomas Caldwell and Jennifer-Leigh Caldwell are natural individuals domiciled in Lee County, Florida. Plaintiffs maintained and managed a fiduciary account at REGIONS BANK from which the claims in this action arise.

2. Plaintiffs bring this action in their individual capacities because REGIONS BANK's actions caused direct personal injury, including loss of access to funds required for day-to-day living, impairment of ongoing fiduciary and ministerial operations they personally oversee, and financial and reputational harm resulting from the account freeze and closure.

3. Defendant, REGIONS BANK, N.A., is a national banking association and member of the Federal Reserve System conducting business throughout the State of Florida, including Lee County. Regions Bank, N.A., is a national banking association whose main office, as designated in its articles of association, is located in Alabama. It is therefore a citizen of Alabama for purposes of 28 U.S.C. § 1348.

## STATEMENT OF FACTS

4. Pursuant to Federal Rule of Civil Procedure 10(b), each of the following paragraphs is separately numbered and limited to a single factual

circumstance. Defendant is required to admit, deny, or otherwise specifically respond to each enumerated paragraph individually in accordance with Rule 8(b). Any failure to do so shall constitute an admission of the facts alleged.

5. Plaintiffs Daman-Thomas Caldwell and Jennifer-Leigh Caldwell maintained a fiduciary deposit account with REGIONS BANK for ministerial and fiduciary purposes.

6. On August 14, 2025, Plaintiffs transmitted a financial document and accompanying correspondence to REGIONS BANK for review and processing. Plaintiffs also requested confirmation and clarification regarding prior account activity and discrepancies.

7. REGIONS BANK received the package on August 14, 2025, as confirmed by USPS delivery records.

8. Over the following days and weeks, Plaintiffs sent a series of written notices to REGIONS BANK, including requests for clarification, correction of suspected improper debits, and a complete fiduciary accounting of the account. These communications were sent to REGIONS BANK's branch management, corporate representatives, and legal department.

9. Plaintiffs' written requests included:

    a. inquiries regarding unresolved debits appearing on the account;

    b. requests for confirmation regarding the status of the submitted document;

c. demands for a full accounting of all account activity;

d. preservation-of-records notices; and

e. follow-up communications after receiving no substantive response.

10. REGIONS BANK did not provide Plaintiffs with an explanation for the discrepancies raised, did not supply the requested accounting, and did not communicate a determination regarding the document submitted on August 14, 2025.

11. On multiple occasions in August and September 2025, Plaintiffs sent reminder notices and requests for updates, advising REGIONS BANK that the lack of response was preventing Plaintiffs from reconciling fiduciary records and fulfilling their administrative obligations.

12. On September 19, 2025, Plaintiffs emailed a Notice of Intent to Sue to REGIONS BANK, informing the bank that the requested accounting had still not been provided and that the unresolved issues were causing ongoing operational harm.

13. Within approximately twenty-three (23) minutes of REGIONS BANK receiving the Notice of Intent to Sue, Plaintiffs' online access to the fiduciary account was locked. When Plaintiffs attempted to log in, a message appeared stating, "For security reasons, your account is now locked."

14. Plaintiffs had not engaged in any conduct that would have triggered a legitimate security freeze, nor did REGIONS BANK provide any prior notice or follow-up explanation for the lockout.

15. Plaintiffs promptly contacted REGIONS BANK seeking information and restoration of access. REGIONS BANK did not immediately provide an explanation or resolution.

16. Several days after the freeze, Plaintiffs received a mailed notice stating that the account had been closed. The notice was postmarked after the lockout had already occurred and did not provide sufficient explanation or reconciliation of account funds.

17. On October 1, 2025, Plaintiffs spoke by telephone with REGIONS BANK Vice President Stuart Abolski, who informed them that the account had been closed due to unspecified "issues with the branch." No written notice had been provided before the closure.

18. During that conversation, REGIONS BANK did not provide the accounting Plaintiffs had repeatedly requested, nor did it provide confirmation regarding the status of funds held in the account at the time of the freeze.

19. As of the filing of this action, REGIONS BANK has never provided:

   a. a full accounting of the fiduciary account;

   b. a reconciliation of debits and credits;

  c. an explanation for the freeze;

  d. an explanation for the closure; or

  e. confirmation of the disposition of funds that were in the account at the time the freeze occurred.

20. The sudden lockout and closure of the account caused Plaintiffs to lose access to funds necessary for fiduciary and ministerial functions, disrupted ongoing operations, and created significant financial and administrative burdens.

21. REGIONS BANK's failure to respond to Plaintiffs' repeated written inquiries prevented Plaintiffs from reconciling their fiduciary records and from addressing the disputed debits.

22. REGIONS BANK exercised exclusive control over the account from the moment the freeze occurred and retained that control through and after the account closure.

23. REGIONS BANK did not provide any lawful justification for freezing the account, closing the account, or withholding the requested accounting.

24. Plaintiffs suffered ongoing consequential harm as a result of REGIONS BANK's failure to provide access, information, and reconciliation, including financial loss, operational disruption, interference with fiduciary administration, and reputational injury.

25. The extreme temporal proximity between Plaintiffs' Notice of Intent to Sue and REGIONS BANK's freeze of the account further supports the inference that REGIONS BANK acted in retaliation for Plaintiffs' protected communications asserting their rights and disputing account activity

26. attached as Exhibit Q.

   a. ─────────────────────────────────

## APPLICABLE LAW

27. Financial institutions operating in Florida owe duties of ordinary care, good faith, and fair dealing in the handling of customer accounts, including duties related to processing transactions, safeguarding account funds, and providing timely notice of adverse account actions. See *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994) (recognizing liability where a bank breaches duties arising from a specialized account relationship).

28. Florida law further recognizes causes of action for conversion where a bank wrongfully exercises dominion over identifiable funds or restricts access without lawful authority. See *Bel-Bel Int'l Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1109 (11th Cir. 1998).

29. To the extent provisions of the Florida Uniform Commercial Code, including sections within Chapter 673, inform the standard of care applicable to the

handling of presented items and the treatment of customer accounts, Plaintiffs rely on such provisions only as background duties of good faith and ordinary commercial practice, not as independent causes of action.

30. REGIONS BANK's freeze and closure of Plaintiffs' account without explanation, notice, or reconciliation violates these recognized duties under Florida law and provides the basis for Plaintiffs' claims for conversion, breach of duty, and retaliation.

## COUNT I – BREACH OF DUTY OF ORDINARY CARE

31. Plaintiffs reallege and incorporate Paragraphs 1–30 as though fully set forth herein.
32. REGIONS BANK, as a financial institution conducting business in Florida, owed Plaintiffs a duty of ordinary care, good faith, and reasonable commercial practices in the handling of their account and all items presented for processing.
33. Plaintiffs tendered a financial document and accompanying transmittal letter to REGIONS BANK on August 14, 2025, and provided repeated written notices requesting confirmation, processing, or return of the item, along with a full accounting of the fiduciary account.
34. REGIONS BANK failed to exercise ordinary care by:

    a. failing to acknowledge, process, or timely return the presented item;

    b. failing to provide notice regarding the status of the document or any related account activity;

    c. failing to conduct a reasonable investigation after Plaintiffs reported unauthorized debits and discrepancies; and

    d. failing to provide a fiduciary accounting despite multiple written requests.

35. REGIONS BANK's failure to act in accordance with reasonable commercial banking standards constitutes a breach of its duty of ordinary care owed to Plaintiffs as account holders.

36. As a direct and proximate result of REGIONS BANK's breach, Plaintiffs suffered financial loss, loss of access to account information, operational disruption, and additional consequential damages.

37. Plaintiffs are entitled to recover compensatory and consequential damages in an amount to be proven at trial.

## COUNT II – CONVERSION

38. Plaintiffs reallege and incorporate Paragraphs 1–30 as though fully set forth herein.

39. Plaintiffs maintained a fiduciary deposit account with REGIONS BANK, in which identifiable funds belonging to Plaintiffs were held for ministerial and fiduciary purposes.

40. Plaintiffs had a clear ownership and possessory interest in the funds maintained within the account, and Plaintiffs were entitled to full access, use, and control of those funds.

41. REGIONS BANK wrongfully exercised dominion and control over Plaintiffs' funds by:

   a. freezing the account without prior notice or lawful justification;

   b. restricting Plaintiffs' ability to access, withdraw, or manage trust funds;

   c. withholding funds and account information following Plaintiffs' requests for accounting;

   d. failing to return or release the funds upon demand; and

   e. closing the account without reconciliation, explanation, or disbursement of remaining funds.

42. REGIONS BANK's actions constitute conversion under Florida law, which recognizes liability where a financial institution interferes with a customer's right to possess identifiable funds. See *Bel-Bel Int'l Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1109 (11th Cir. 1998).

43. REGIONS BANK acted intentionally and without lawful authority, as evidenced by:

   a. ignoring Plaintiffs' repeated written notices disputing unauthorized debits;

   b. failing to provide the accounting Plaintiffs formally demanded;

   c. freezing the account within minutes of receiving Plaintiffs' Notice of Intent to Sue; and

   d. closing the account based on internal "branch issues" unrelated to Plaintiffs' conduct.

44. REGIONS BANK's wrongful dominion deprived Plaintiffs of access to necessary fiduciary funds, interfered with their ministerial operations, and caused financial loss and consequential damages.

45. As a direct and proximate result of REGIONS BANK's conversion, Plaintiffs suffered:

   a. loss of access to funds,

   b. operational harm,

   c. financial injury,

   d. disruption of fiduciary obligations, and

   e. additional damages to be proven at trial.

46. Plaintiffs are entitled to recover compensatory and punitive damages for REGIONS BANK's intentional and bad-faith conversion of funds.

## COUNT III – RETALIATION AND BAD FAITH

47. Plaintiffs reallege and incorporate Paragraphs 1–30 as though fully set forth herein.

48. Plaintiffs engaged in protected activity by notifying REGIONS BANK of unauthorized debits, requesting clarification and correction, demanding a fiduciary accounting, and issuing a written *Notice of Intent to Sue* on September 19, 2025.

49. REGIONS BANK received Plaintiffs' Notice of Intent to Sue through its branch manager and corporate representatives, placing the bank on clear notice of Plaintiffs' pending legal claims and disputes regarding the fiduciary account.

50. Within approximately twenty-three (23) minutes of receiving the Notice of Intent to Sue, REGIONS BANK locked Plaintiffs out of their account, displaying a message stating "For security reasons, your account is now locked," despite no misconduct or security risk attributed to Plaintiffs.

51. Shortly thereafter, REGIONS BANK closed the fiduciary account entirely, citing unspecified "issues with the branch," and failed to provide prior written notice, a legally sufficient explanation, an accounting, or disbursement details for remaining trust funds.

52. The extreme temporal proximity between Plaintiffs' protected communications and REGIONS BANK's freeze and closure of the account strongly supports a finding of retaliatory motive, consistent with Eleventh Circuit precedent recognizing adverse action taken immediately after protected activity as evidence of retaliation. See *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

53. REGIONS BANK's actions lacked legitimate business justification, were not consistent with standard banking practices, and were taken in bad faith for the purpose of punishing Plaintiffs for asserting their rights and raising concerns regarding account errors and fiduciary mismanagement.

54. REGIONS BANK's retaliatory conduct constitutes an adverse action because it:

   a. deprived Plaintiffs of access to necessary fiduciary funds;

   b. interfered with Plaintiffs' ability to conduct ministerial and fiduciary operations;

   c. caused reputational and financial harm; and

   d. created ongoing, compounding injury.

55. REGIONS BANK acted willfully, maliciously, and with reckless disregard for Plaintiffs' rights, entitling Plaintiffs to recover compensatory and punitive damages.

56. As a direct and proximate result of REGIONS BANK's retaliation and bad-faith conduct, Plaintiffs suffered financial loss, operational disruption, emotional and reputational harm, and additional damages to be proven at trial.

## CONTINUING HARM

57. Plaintiff Plaintiffs continue to suffer ongoing injury as a result of REGIONS BANK's actions. The wrongful freeze and closure of the fiduciary account deprived Plaintiffs of access to necessary funds and disrupted fiduciary and ministerial operations that rely on those resources. Plaintiffs remain unable to obtain a full and accurate accounting of the funds that were held, withdrawn, or withheld by REGIONS BANK, preventing reconciliation of trust records and creating continuing financial uncertainty.

58. REGIONS BANK's refusal to release account information or provide a complete accounting has caused ongoing operational delays, interruption of obligations Plaintiffs are responsible for managing, loss of anticipated opportunities, reputational harm, and additional out-of-pocket expenses. These harms continue to accrue as REGIONS BANK has not restored access, provided reconciliation, or corrected the consequences of its retaliatory and bad-faith actions.

59. Plaintiffs reserve the right to seek all damages proximately caused by REGIONS BANK's continuing misconduct, including those that arise or become known during the course of this litigation.

## DAMAGES

60. As a direct and proximate result of REGIONS BANK's wrongful conduct, Plaintiffs suffered significant financial and operational harm. These damages include, but are not limited to:

61. Financial Losses

    Plaintiffs experienced loss of access to deposited funds, impairment of planned fiduciary and ministerial operations, and financial instability caused by the sudden account freeze and closure.

62. Operational Disruption

    Plaintiffs were prevented from fulfilling fiduciary obligations, maintaining continuity of ministry functions, and conducting essential transactions necessary for personal and organizational responsibilities.

63. Consequential Damages

    Plaintiffs incurred additional expenses, delays, and financial burdens resulting from the need to replace the account, reconstruct financial records,

and mitigate the consequences of REGIONS BANK's refusal to provide a complete accounting.

64. Reputational and Administrative Harm

    Plaintiffs' ability to manage fiduciary responsibilities and maintain the confidence of associated parties was disrupted, resulting in reputational damage and ongoing administrative burdens.

65. Emotional Distress and Loss of Peaceful Enjoyment

    The freeze, lack of notice, and retaliatory account closure caused anxiety, stress, and personal hardship for Plaintiffs.

66. Punitive Damages

    REGIONS BANK acted willfully, maliciously, and in bad faith, particularly in freezing the account within minutes of receiving Plaintiffs' Notice of Intent to Sue. Plaintiffs therefore seek punitive damages to deter similar misconduct.

67. Future and Continuing Damages

    Plaintiffs continue to suffer harm due to the bank's failure to provide a complete accounting, with damages accumulating as the consequences of REGIONS BANK's actions unfold. Plaintiffs reserve the right to prove additional damages at trial.

    i. Plaintiffs seek all damages recoverable under Florida law,

including compensatory, consequential, punitive, and any other relief deemed just and proper by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Daman-Thomas Caldwell and Jennifer-Leigh Caldwell, respectfully request judgment against Defendant, Regions Bank, N.A., as follows:

- For compensatory damages in an amount to be proven at trial;
- For consequential and punitive damages for conversion and retaliation;
- For declaratory judgment confirming that any arbitration provision asserted by Defendant is void and unenforceable, and that Plaintiffs retain the full Seventh Amendment right to trial by jury;
- For attorney's fees and costs as may be allowed by law;
- For costs, interest, and such other relief as the Court deems just and proper.

Plaintiff hereby requires trial by jury on all issues so triable.

## CERTIFICATION

Plaintiff certifies that this pleading is filed in good faith and not for any improper purpose, and that the claims presented are warranted by existing law or by a good-faith argument for its extension, modification, or reversal.

## VERIFICATION

We, the undersigned Plaintiffs, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that we have read the foregoing First Amended Complaint, and that the facts stated therein are true, correct, and complete to the best of our knowledge, belief, and understanding.

Executed this ⟨11⟩ day of ⟨Dec⟩, 2025.

_____

Daman-Thomas Caldwell

appearing in propria persona, sui juris

_____

Jennifer-Leigh Caldwell

appearing in propria persona, sui juris

Respectfully submitted,

*[signature]* ARR

Daman-Thomas Caldwell

appearing in propria persona, sui juris

c/o 10020 Carolina Street

Bonita Springs, Florida Republic [34135]

*[signature]* ARR

Jennifer-Leigh Caldwell

appearing in propria persona, sui juris

c/o 10020 Carolina Street

Bonita Springs, Florida Republic [34135]

Phone: 719-257-8034