UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMAN-THOMAS CALDWELL
and JENNIFER-LEIGH CALDWELL

        Plaintiffs,                      No. 2:25-cv-993-KCD-DNF

v.

REGIONS BANK, N.A.

        Defendants.

## DEFENDANT REGIONS BANK'S MOTION TO DISMISS

Defendant Regions Bank ("Regions"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Amended Complaint filed by putative Plaintiffs Daman-Thomas Caldwell and Jennifer-Leigh Caldwell (together, the "Caldwells"). In support, Regions states:

## SUMMARY OF THE ARGUMENT

In a blatant attempt to circumvent the Court's Order striking the Complaint and ordering Coldstream Ministries ("Coldstream") to retain counsel, the Caldwells have filed the Amended Complaint under the pretense of proceeding pro se in their individual capacities. However, the Amended Complaint suffers from the same flaws as the original Complaint and more.

Beginning with the new problems, both the Caldwells and Coldstream lacked the ability to amend the Complaint. As such, the Amended Complaint is a nullity. Moreover, the Caldwells lack standing to bring the claims alleged in the Amended Complaint because any alleged injury could only have been suffered by the owner of the bank account, which, as confirmed by the exhibits to the Amended Complaint (and the Complaint itself), was Coldstream. Additionally, like the Complaint, the Amended Complaint relies on frivolous "sovereign citizen" legal theories and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint should therefore be dismissed with prejudice, or alternatively, struck.

## SUMMARY OF THE AMENDED COMPLAINT

For the most part, the Amended Complaint rehashes the Complaint, simply substituting Coldstream with the Caldwells throughout. Indeed, the only salient difference is that the Caldwells have omitted Coldstream's prior claim for Dishonor of Negotiable Instrument, exchanging it with Count I, "Breach of Duty of Ordinary Care," i.e., negligence. However, Count I is still largely predicated on Regions's alleged improper dishonor of a "Private Discharge and Settlement Instrument" or "Bill of Exchange" for $5,000,000 proffered by, allegedly, the Caldwells. (*See, e.g.*, Am. Compl. ¶¶ 33–35). As detailed in Regions's first Motion to Dismiss (ECF No. 7),[1] this "Private Discharge and Settlement Instrument" is a frivolous sovereign

---

[1] Regions fully incorporates its first Motion to Dismiss (ECF No. 7) herein.

citizen construct that purportedly draws from the "Daman Thomas Caldwell© Trust," on the purported authority of "Private Banker and Trustee: Daman-Thomas: Caldwell." (ECF No. 19-2 at 8, 11). The instrument is allegedly "backed by Bond No. RR767296200 US [and] issued under Divine Law and the authority vested in the Private Banker." (ECF No. 19-2 at 11). Indeed, the Amended Complaint and the exhibits thereto demonstrate that the apparent contractual basis for Regions' duty as to the Private Discharge and Settlement Instrument is a "Private Profit-Sharing Agreement," which is neither executed by a Regions representative nor alleged to have been executed by a Regions representative. (*Id.* at 27). Instead, the Private Profit-Sharing Agreement purports to bind Regions via negative consent. (*Id.*).

Counts II and III of the Amended Complaint are styled "Conversion" and "Retaliation and Bad Faith," respectively. In these Counts, the Caldwells allege that Regions converted the funds in the Caldwells' bank account and terminated that account in bad faith, despite the fact that the original Complaint asserted that those same harms were suffered by Coldstream. As to damages, the Caldwells have retreated from Coldstream's original $55,000,000 demand, and instead seek damages caused by various alleged harms that could only be suffered by the owner of the bank account—Coldstream. As detailed below, the Complaint is fatally flawed, amendment would be futile, and dismissal with prejudice is appropriate.

3

# ARGUMENT

Dismissal is appropriate because (I) the Amended Complaint (like the Complaint) is a nullity, (II) the Caldwells lack standing, (III) the Amended Complaint is frivolous, and (IV) the Amended Complaint fails to state a claim.

**I.      The Amended Complaint is a nullity because neither the Caldwells nor Coldstream could amend the Complaint.**

Under Federal Rule of Civil Procedure 15(a), only "a party" can amend a pleading.  *See* Fed. R. Civ. P. 15(a) ("(1) <u>A party</u> may amend its pleading once as a matter of course. . . . (2) In all other cases, <u>a party</u> may amend its pleading . . . ." (emphasis added)).  Courts strictly adhere to the prerequisite of party status.  *See, e.g.*, *Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023) (The "right to amend is limited to parties. . . . [N]on-parties have 'no right' to amend a complaint. . . . Only a party may amend a complaint."); *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1248 (10th Cir. 2017) ("But under [] Rule [15], the right to amend lies solely with '[a] party.'"); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) ("Rule 15 allows liberal amendment by parties, not nonparties. . . ."); *In re Plavix Mktg., Sales Practices & Products Liab. Litig.*, No. CV 11-6476 (FLW), 2021 WL 5002715, at *9 (D.N.J. Oct. 28, 2021) ("[T]he plain language of the rule clearly and unambiguously provides that only a party may amend the complaint.").  Rule 15 dooms the Amended Complaint.

The Complaint was filed by Coldstream and did not name the Caldwells as plaintiffs in their individual capacities. (*See generally* Pl's Compl., ECF No. 1); *Little*, 870 F.3d at 1248 (examining the docket sheet to determine who filed each pleading). The Amended Complaint, on the other hand, was filed by the Caldwells in their individual capacities. (*See generally* Pl's Am. Compl., ECF No. 19). Indeed, as in *Little*, nothing in the Amended Complaint indicates that Coldstream filed it, and its name appears nowhere in the body of the Amended Complaint, though it is repeated throughout the exhibits. *Little*, 870 F.3d at 1248. "In fact, the [C]omplaint's [Coldstream]-specific allegations morph into allegations about [the Caldwells] in the [A]mended [C]omplaint. And [Coldstream] didn't file a notice to the court or a motion of any kind." *Id.* On the contrary, it "simply disappeared from the action." *Id.* It is therefore clear that the Caldwells, both non-parties, filed the Amended Complaint when they had no ability to do so under the Federal Rules of Civil Procedure. Accordingly, the Amended Complaint, like the original Complaint, is a nullity. (*See* Order at 2, ECF No. 14) (holding that the Complaint was a "legal nullity"); *Ceska Zbrojovka Defence SE*, 79 F.4th at 1261 (holding that the amendment was invalid such that the previous complaint remained operative). The Amended Complaint should therefore be struck.[2]

---

[2] The result is the same even if Coldstream somehow filed the Amended Complaint. The Court ordered Coldstream to obtain counsel if it wished to proceed with this action. (*See* Order at 3, ECF No. 14). Coldstream has not done so. Therefore, Coldstream could not amend the Complaint or otherwise act.

## II. The Caldwells lack standing because Coldstream suffered the alleged injury.

To establish standing, a plaintiff "must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016)). As to injury in fact, "a plaintiff must set forth general factual allegations that plausibly and clearly allege a concrete injury[.]" *Id.* (citation omitted). Important here, the owner of a juridical entity does not have standing to sue for harm done to the entity. *See Parks v. F.D.I.C.*, No. 6:13-CV-342-ORL-36, 2013 WL 1278119, at *6–7 (M.D. Fla. Mar. 7, 2013), *report and recommendation adopted*, No. 6:13-CV-342-ORL-36, 2013 WL 1278072 (M.D. Fla. Mar. 28, 2013); *4658 N. Ocean Inc. v. Branch Bank & Tr. Co.*, No. 10-61865-CIV, 2011 WL 13216975, at *6 (S.D. Fla. Feb. 15, 2011) (collecting cases).

Although the Caldwells vaguely allege that they suffered various injuries, the exhibits to the Amended Complaint demonstrate that Coldstream, not the Caldwells, is the only entity that could have suffered an injury. *See Morris v. Environ Towers I Condo. Ass'n, Inc.*, No. CV 18-60586-CIV, 2018 WL 3079686, at *3 (S.D. Fla. June 21, 2018) ("When considering a motion to dismiss, in addition to the allegations in the complaint, the district court also considers 'the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments,' and where

6

those exhibits contradict the complaint's allegations, the exhibits control.") (quoting *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013)).  For example, Coldstream allegedly sent Regions a letter on August 29, 2025, that stated "Coldstream Ministries© remains willing to resolve the present matter[.]"  (ECF No. 19-2 at 25).  Indeed, the alleged "Private Discharge and Settlement Instrument" that forms the basis of Count I is "made payable to Coldstream Ministries"—not the Caldwells.  (*Id.* at 1).  Similarly, the Caldwells do not allege that they personally had an account with Regions that could support their claims, and the exhibits confirm that Coldstream was the entity that had an account with Regions.  (*Id.* at 51, 54).  Likewise, the "Notice of Intent to Sue" that forms part of the alleged factual basis of Count III has the subject line "Notice of Intent to Sue — Coldstream Ministries© v. Regions Bank."  (*Id.* at 35).  All told, there are at least a dozen references in the exhibits attached to the Amended Complaint that demonstrate that Coldstream, not the Caldwells, had the account with Regions and therefore is the only entity that could have been injured by Regions's alleged actions.  *Id.* at 1, 2, 8, 11, 14, 16, 17, 18, 20, 22, 25, 27, 30, 39, 41, 42, 44, 47, 49, 51, 52, 54, 59.

Indeed, the Amended Complaint directly contradicts the original Complaint insofar as the Complaint clearly alleged that Coldstream was the only entity that had been harmed.  *See Fernandez v. Sch. Bd. of Miami-Dade Cnty.*, 201 F. Supp. 3d 1353, 1361 n.1 (S.D. Fla. 2016) (holding that courts may consider allegations in a

prior complaint "when the plaintiff directly contradicts the facts set forth in his original complaint"). In fact, in its opposition to Regions's first Motion to Dismiss, Coldstream explicitly stated that Regions "open[ed] and maintain[ed] a trust account in Plaintiff's name" and that "Regions enjoyed the benefits of having Plaintiff as a customer and exercised extensive control over Plaintiff's funds." (ECF No. 12 at 7–8); *see Crmsuite Corp. v. Gen. Motors Co.*, No. 8:20-CV-762-WFJ-AAS, 2021 WL 914170, at *3 (M.D. Fla. Mar. 10, 2021) (treating a statement by counsel during oral argument as a judicial admission). As such, it is clear that the Caldwells were not injured individually, and they therefore lack standing to sue such that the Amended Complaint should be dismissed.

Further, the Caldwells' attempt to recast the original Complaint by alleging that they, rather than Coldstream, had an account with Regions should be seen for what it is: a transparent attempt to make an end around the Court's Order striking the Complaint and requiring Coldstream to retain counsel. (ECF No. 14). As such, and alternative to dismissal, the Court should strike the Amended Complaint. In either event, Regions respectfully requests that the Court order the Caldwells to compensate Regions for its reasonable attorneys' fees incurred in preparing this Motion. *See Chambers v. NASCO, Inc.* 501 U.S. 32, 45 (1991) ("[A] a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ."); *Wakefield v. Sears, Roebuck & Co.*, No. 05-61152-

CIV, 2008 WL 686914, at *2 (S.D. Fla. Mar. 11, 2008) ("Federal courts have the inherent power to control and discipline parties by awarding sanctions to punish conduct that is designed to, or utilized in such a manner as to, abuse the judicial process.").

### III.   The Complaint relies on frivolous legal theories.

Clearly mindful of the copious caselaw affirming that the proper resolution of a case grounded in sovereign citizen theory is summary dismissal, the Caldwells retreated somewhat from these theories in the Amended Complaint.  However, there is no hiding from the exhibits attached thereto or the conclusion that the Amended Complaint is grounded in baseless theories such that dismissal is appropriate.[3]

As detailed in Regions's first Motion to Dismiss, a complaint predicated on sovereign citizen theory is subject to summary dismissal. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as frivolous) (citing *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Young v. PNC Bank, N.A.*, No. 3:16CV298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) ("Their arguments and outlandish legal theories have been consistently rejected."); *Lebron*,

---

[3] Courts will ignore a litigant's denial of adherence to sovereign citizen theories when the filings indicate such adherence. *See Lebron v. BMW Fin. Services*, No. 6:21-CV-958-DCI, 2021 WL 9594003, at *2 (M.D. Fla. Dec. 13, 2021) ("While Plaintiff has vigorously denied any affiliation with the 'Sovereign Citizen Movement,' the Complaint belies this assertion.").

9

2021 WL 9594003, at *3 (collecting cases). Like the original Complaint, the exhibits to the Amended Complaint include various "hallmarks" of sovereign citizen theory that courts have found sufficient to warrant summary dismissal. *See Lebron*, 2021 WL 9594003, at *2–3.

Courts have identified such "hallmarks," including: citing to the Uniform Commercial Code unnecessarily, *see id.* at *2; prefacing one's name with "All Rights Reserved," *see id.*; using unorthodox naming conventions for individuals, *see id.*; relying on a "red ink thumbprint," *see Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *2 (M.D. Fla. May 12, 2025); and using "old-timey legalese to assert nonsense claims," *see id.* The Amended Complaint and its exhibits include each of these hallmarks, and more. For example, the exhibits to the Amended Complaint regularly and illogically cite the Uniform Commercial Code, and the Caldwells repeatedly claim to reserve all rights. (*See, e.g.*, ECF No. 19-2 at 2, 4, 5, 10, 12, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 27, 29, 30, 34, 39, 45, 59); *Lebron*, 2021 WL 9594003, at *2–3. Moreover, the exhibits to the Amended Complaint demonstrate reliance on a "red ink thumbprint." (*See, e.g.*, ECF No. 19-2 at 2, 5, 8, 10, 12, 15, 17, 19, 22, 24, 25, 26, 27, 31, 33, 36, 38, 47, 50); *Colella,* 2025 WL 1370200, at *2. Further, the Caldwells utilize strange naming conventions for themselves, printing their names with out-of-place hyphens and colons. (*See, e.g.*, ECF No. 19-2 at 2). Additionally, the Amended Complaint and its exhibits:

10

- refer to Coldstream as a "private ecclesiastical trust functioning outside the statutory and commercial public domain" (*Id.* at 58);

- refer to "the Caldwell Nation" (*id.* at 2);

- refer to Daman Caldwell as a "living man" (*id.* at 5);

- purport to create a "Private Banker Charter" "under Divine Law, Universal Law, and the law of private contract" (*id.*);

- describe the location of Coldstream as "Bonita Springs, Florida Republic — non-corporate jurisdiction" (*id.* at 37, 39); and

- purport to document damages of $50,000,000 based on a "perfected lien and Final Administrative Judgment," which the Caldwells apparently unilaterally "expanded due to continued dishonor." (*id.* at 21).

Like the original Complaint, the Amended Complaint relies on universally condemned sovereign citizen legal theories. As such, the Amended Complaint should be dismissed with prejudice as frivolous. *See Sterling*, 738 F.3d at 233 n.1 (citing *Benabe*, 654 F.3d at 761–67).

### IV.  The Amended Complaint fails to state a claim.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to state a claim for relief that is "plausible" on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "It is not enough to put forth facts showing it is possible that a defendant might be liable." *Young*, 2018 WL 1251920, at *1. To meet the plausibility standard, the plaintiff must plead sufficient facts that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct

11

alleged." *Ashcroft*, 556 U.S. at 678.  Each count of the Amended Complaint fails to meet this standard because the exhibits to the Amended Complaint demonstrate that Coldstream, not the Caldwells, was the owner of the bank account and customer of Regions.

Count I, styled "Breach of Ordinary Duty of Care," is essentially a negligence theory.  As such, the Caldwells must allege that Regions had a duty to them.  *See Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1247 (M.D. Fla. 2013).  However, while "[b]anks owe a duty to customers," *id.*, there is no statutory or common law basis for imposing a duty on banks as to non-customers.  As discussed extensively above, *see supra* at Part II, Coldstream—not the Caldwells—was Regions's customer.  As such, the Caldwells have not and cannot allege that Regions owed a duty to them, and Count I should be dismissed.[4]

The Caldwells' claim for Conversion (Count II) fails for the same reason.  The "essential[] element[] of a conversion is a wrongful deprivation of property of the owner[.]" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1276 (M.D. Fla. 2003), *aff'd*, 419 F.3d 1208 (11th Cir. 2005) (citation omitted and emphasis added).  Because the Caldwells were not the owners of Coldstream's funds, they cannot state a claim for conversion of those funds, and the Court should dismiss Count II.

---

[4] Additionally, to the extent the Caldwells rely on the "Private Discharge and Settlement Instrument," any claims based on that instrument necessarily fail as described in more detail in Regions's first Motion to Dismiss. (ECF No. 7 at 7–9).

12

Moreover, "[t]he essence of conversion, however, is not the possession of property by the wrongdoer, but rather such possession in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property." *IberiaBank v. Coconut 41, LLC*, 984 F. Supp. 2d 1283, 1306 (M.D. Fla. 2013), *aff'd*, 589 Fed. Appx. 479 (11th Cir. 2014). Accordingly, Regions's expressed intent to deliver the funds in the account to Coldstream defeats any claim for conversion. (ECF 19-2 at 44). For this additional reason, Count II must be dismissed.

Lastly, the Caldwell's claim for "Retaliation and Bad Faith" (Count III), which seems to be based on Regions' closing of Coldstream's account, also fails to state a claim and should be dismissed. First, such a claim appears to be unprecedented under Florida law, *see Fed. Ins. Co. v. NCNB Nat. Bank of North Carolina*, 958 F.2d 1544, 1548 (11th Cir. 1992) ("[T]he relationship between a bank and its depositing customer is contractual."), and the Caldwells allege no contractual basis for imposing liability. Second, the Amended Complaint simply fails to allege that Regions' actions were in bad faith. On the contrary, the Amended Complaint alleges (and relies on) significant suspicious and fraudulent activity on the part of the Coldstream, and Regions accordingly froze and subsequently closed Coldstream's account. Third, even if the Caldwells' theory was viable and Regions engaged in bad faith, the cause of action would be exclusively Coldstream's as it,

not the Caldwells, was the owner of the closed account. As such, Count III of the Complaint should also be dismissed for failure to state a claim.

## CONCLUSION

The Amended Complaint should be dismissed with prejudice because the Caldwells lack standing, the Amended Complaint relies on patently frivolous legal theories, and it fails to state a claim. *See Colella*, 2025 WL 1370200, at *2 ("'[I]n light of the baseless legal theories underlying [Plaintiff's] claims,' the Court finds that amendment of the complaint would be futile.") (quoting *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming the dismissal of a sovereign citizen complaint without leave to amend)). Alternatively, the Amended Complaint should be struck because neither the Caldwells nor Coldstream could properly file it.

WHEREFORE, Defendant Regions Bank respectfully requests that the Amended Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Regions respectfully requests that the Amended Complaint be struck. In either case, Regions respectfully requests that the Court order the Caldwells to compensate Regions for its reasonable attorneys' fees incurred in prepared this Motion.

Dated this 24th day of December, 2025.

14

**HOLLAND & KNIGHT LLP**

*/s/ Luis Balart*
Joshua H. Roberts
Floria Bar No. 042029
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
E-mail: josh.roberts@hklaw.com
Secondary: cathy.luke@hklaw.com

and

Luis Balart
Florida Bar No. 1045388
100 North Tampa St., Suite 4100
Tampa, FL 33602
Telephone (813) 227-8500
Facsimile: (813) 229-0134
E-mail: luis.balart@hklaw.com

*Attorneys for Regions Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 24, 2025, a copy of the foregoing was sent via registered mail to: Coldstream Ministries, Daman-Thomas Caldwell, and Jennifer-Leigh Caldwell, 10020 Carolina Street, Bonita Springs, Florida 34135.

*/s/ Luis Balart*
*Attorney for Regions Bank*