

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DAMAN-THOMAS CALDWELL and

JENNIFER-LEIGH CALDWELL,

Plaintiffs,

v.

REGIONS BANK, N.A.,

Defendant.

Case No. 2:25-cv-00993-KCD-DNF

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Daman-Thomas Caldwell and Jennifer-Leigh Caldwell ("Plaintiffs"), appearing pro se, submit this Response in Opposition to Defendant Regions Bank, N.A.'s Motion to Dismiss the First Amended Complaint. Defendant's motion elevates form over substance and seeks dismissal based on curable pleading issues rather than the merits. Plaintiffs respectfully request denial of the motion or, in the alternative, leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

## I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits. The Court must accept well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Dismissal is disfavored where a plaintiff can cure any deficiency by amendment, particularly where no prejudice to the defendant is shown. See Fed. R. Civ. P. 15(a)(2). Pro se pleadings are construed liberally.

## II. Plaintiffs Have Alleged Concrete Personal Injury and Standing

Defendant contends that only an entity suffered injury because the account was titled in the name of Coldstream Ministries. That framing is incomplete. Standing requires injury in fact, traceability, and redressability. Plaintiffs satisfy each.

At the time of Defendant's actions, Plaintiffs maintained no other bank account through which they could access earned income or conduct ordinary commerce. Plaintiffs' personal wages were deposited exclusively into the Coldstream Ministries account, which functioned as Plaintiffs' sole means of accessing earnings and supporting daily living expenses. Defendant's unilateral account lockout foreseeably and directly deprived Plaintiffs of access to earned wages, causing concrete personal financial harm.

Loss of access to earned wages and interruption of livelihood constitute concrete injuries in fact. The deprivation was directly traceable to Defendant's conduct and is redressable by damages and declaratory relief. Plaintiffs therefore have standing independent of any injury to an entity.

### III. The First Amended Complaint Is Not a Nullity

Defendant's assertion that the First Amended Complaint is a nullity misconstrues Rule 15 and the Court's preference for resolving cases on the merits. Plaintiffs acted in good faith to comply with the Court's directive by clarifying party alignment. Where any technical defect exists, the proper remedy is leave to amend, not dismissal with prejudice. Defendant shows no prejudice.

### IV. Leave to Amend if Clarification Is Deemed Necessary

If the Court determines that additional clarification is warranted, Plaintiffs respectfully request leave to amend pursuant to Rule 15(a)(2). Such leave should be freely given where justice so requires. Plaintiffs can narrowly amend to expressly plead the wage-based, personal injuries described herein without expanding the scope of the case.

### V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss. In the alternative, Plaintiffs request leave to amend to clarify standing consistent with this Response.

Respectfully submitted,

_____ ARR
Daman-Thomas Caldwell, Pro Se

_____ ARR

Jennifer-Leigh Caldwell, Pro Se

Jennifer-Leigh Caldwell, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of December 2025, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF electronic filing system. Service was thereby effected upon the following:

Joshua H. Roberts, Esq.

Holland & Knight LLP

50 N. Laura Street, Suite 3900

Jacksonville, FL 32202

Email: josh.roberts@hklaw.com

Lead Attorney


Luis E. Balart, Jr., Esq.

Holland & Knight LLP

100 N. Tampa Street, Suite 4100

Tampa, FL 33602

Email: luis.balart@hklaw.com

Attorney to Be Noticed


(All served via CM/ECF electronic notification)


Respectfully submitted,

*[signature]*

Jennifer-Leigh Caldwell, Pro Se

_____

Daman-Thomas Caldwell, Pro Se

c/o 10020 Carolina Street

Bonita Springs, Florida Republic 34135

December 18, 2025

Clerk of Court
United States District Court
Middle District of Florida
Fort Myers Division

Re: Request for File-Stamped Copy
Case No. 2:25-cv-00993-KCD-DNF

Dear Clerk:

Enclosed please find Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, submitted for filing in the above-referenced matter.

Please file the enclosed document and return a file-stamped copy to Plaintiffs in the enclosed self-addressed stamped envelope for our records.

Thank you for your assistance.

Respectfully submitted,

Daman-Thomas Caldwell, Pro Se
Jennifer-Leigh Caldwell, Pro Se
c/o 10020 Carolina Street
Bonita Springs, Florida [34135]