## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAMAN-THOMAS CALDWELL
and JENNIFER-LEIGH CALDWELL

                Plaintiffs,                      No. 2:25-cv-993-KCD-DNF

v.

REGIONS BANK, N.A.

                Defendants.

## DEFENDANT REGIONS BANK'S MOTION TO STAY DISCOVERY AND CASE MANAGEMENT DEADLINES

Defendant Regions Bank ("Regions"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(2); 26(a)(1)(C), (f); 33(b)(2); 34(b)(2); and 36(a)(3) hereby moves to stay all discovery and case management deadlines pending the resolution of Regions' Second Motion to Dismiss the Amended Complaint filed by putative Plaintiffs Daman-Thomas Caldwell and Jennifer-Leigh Caldwell (together, the "Caldwells"). In support, Regions states:

## PROCEDURAL HISTORY

On October 31, 2025, Coldstream Ministries ("Coldstream") filed the Complaint against Regions. (ECF No. 1). Regions filed a Motion to Dismiss (ECF

No. 7).  On December 8, 2025, the Court struck the Complaint, holding that it was a "legal nullity that must be disregarded" because Coldstream was not represented by counsel.  (ECF No. 14 at 2).  Further, the Court ordered Coldstream to obtain counsel by January 5, 2025, and warned that "[f]ailure to obtain counsel will result in the case being closed without further notice."  (*Id.* at 3).

Then, in a blatant attempt to circumvent the Court's Order, the Caldwells filed the Amended Complaint under the pretense of proceeding pro se in their individual capacities.  (ECF No. 19).  However, the Amended Complaint is little more than rehash of the Complaint with the Caldwells substituted in Coldstream's place as plaintiffs.  As such, the Amended Complaint suffers from the same flaws as the original Complaint and more.  Accordingly, as Regions argued in its Second Motion to Dismiss (ECF No. 20), the Amended Complaint should be struck or dismissed with prejudice.

Contemporaneously with the Amended Complaint, the Caldwells served on Regions their "First Set of Discovery Requests," consisting of requests for admission, interrogatories, and requests for production.  These requests were premature as the parties had not conferred as required by Rule 26(f), *see* Federal Rule of Civil Procedure 26(d), but in any event remain outstanding.  The parties' January 14, 2026, deadline to file a case management report and Rule 16(b)

Conference scheduled for January 21 also remain pending.  Regions moves to stay discovery and these upcoming deadlines and hearings for the reasons that follow.

## ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, "[s]tays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Latele Prods., Inc. v. Azteca Int'l Corp.*, No. 16-CV-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018). Courts have discretion to stay discovery, and such a stay "may be appropriate if a party presents a facial challenge to the legal sufficiency of a complaint that involves no factual issue." *Bill H. v. Anthem Blue Cross*, No. 8:25-CV-647-TPB-LSG, 2025 WL 1580794, at *1 (M.D. Fla. June 4, 2025). In doing so, the court must "take a preliminary peek at the merits of the motion to dismiss" in order to "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for discovery." *Id.* (cleaned up). At bottom, "the [c]ourt must determine (1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party[,] (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (citation omitted).

Good cause exists to stay discovery and all case deadlines for several reasons. Most importantly, the identity of the proper plaintiff remains unknown. As detailed in the Second Motion to Dismiss (ECF No. 20 at 4–5), the Caldwells attempted to amend the Complaint when they had no authority to do so because they were not parties to the original Complaint. *See* Fed. R. Civ. P. 15(a) ("(1) <u>A party</u> may amend its pleading once as a matter of course . . . . (2) In all other cases, <u>a party</u> may amend its pleading . . . ." (emphasis added)); *United States ex rel. Little v. Triumph Gear Sys., Inc*., 870 F.3d 1242, 1248 (10th Cir. 2017) ("But under [] Rule [15], the right to amend lies solely with '[a] party.'"). Further, Coldstream could not have amended the Complaint because the Court ordered it to retain counsel, which it has not. (ECF No. 14 at 3). As such, Regions cannot engage with the Caldwells because they are not parties to the case, nor can it engage with Coldstream because it has not retained counsel per the Court's Order. Indeed, the risk of confusion is particularly acute. *See Latele Prods.,* 2018 WL 11350654 at *1. Consequently, it is impossible for Regions and the plaintiff (whoever it may be) to adhere to the pending case deadlines and coordinate discovery. For this reason alone, good cause exists to stay discovery and all case deadlines until the Court decides the Second Motion to Dismiss.

Further, the Second Motion to Dismiss is clearly dispositive of all claims and its resolution will eliminate the need for discovery. As detailed therein, (1) neither Coldstream nor the Caldwells had the ability to amend the Complaint, rendering the

Amended Complaint a nullity; (2) the Caldwells lack standing because the bank account was in Coldstream's name such that the Caldwells could not have suffered an injury; (3) the Amended Complaint relies on frivolous and universally condemned sovereign citizen theories; and (4) the Amended Complaint fails to state a claim because the fact that the bank account was in Coldstream's name negates an element of each of the Caldwells' supposed causes of action. (*See generally* ECF No. 20). Further, the plaintiff will not be harmed by a delay in discovery because the First Set of Discovery Requests was premature to begin with. On balance, the potential harm caused by delaying discovery is far outweighed by the possibility that the Second Motion to Dismiss will be granted.

Finally, each factor of the three-factor test weighs in favor of a stay of discovery and all case deadlines. The non-moving party (whether Coldstream or the Caldwells) will not be unduly prejudiced because this case is in its infancy—the Court has not even entered a scheduling order. Moreover, as to Coldstream specifically, a stay would protect its rights while the Court determines whether Coldstream can be summarily excised from the suit by the non-party Caldwells. Additionally, a stay will simplify the issues and streamline the trial because the Second Motion to Dismiss is clearly dispositive and proceeding with this case in the current posture is impossible for the reasons described above. Lastly, a stay would reduce the burden of litigation on the parties and the Court because this case is at

impasse until the proper plaintiff is identified.  Therefore, a stay of discovery and all case deadlines is appropriate.

WHEREFORE, Defendant Regions Bank respectfully requests that, pending the resolution of Regions' Second Motion to Dismiss, the Court stay or cancel:

1. All discovery;

2. All case deadlines prescribed in the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida;

3. The parties' January 14, 2026, deadline to file a case management report; and

4. The Rule 16(b) Conference scheduled for January 21, 2026.

Dated this <u>6th</u> day of January, 2026.

## LOCAL RULE 3.01(g) CERTIFICATION

In light of the concerns raised in this Motion and Regions' Second Motion to Dismiss regarding the identity of the proper plaintiff and Coldstream's ability to act without counsel, the undersigned counsel for Regions has not attempted to confer with the Caldwells or Coldstream prior to filing this Motion. Under this unique situation, undersigned counsel respectfully requests direction from the Court as to whom, if anyone at this time, the Court instructs undersigned counsel to confer with. Undersigned counsel will gladly, and promptly, comply.

**HOLLAND & KNIGHT LLP**

*/s/ Joshua H. Roberts*
Joshua H. Roberts
Floria Bar No. 042029
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 353-2000
Facsimile:  (904) 358-1872
E-mail: josh.roberts@hklaw.com
Secondary: cathy.luke@hklaw.com

and

Luis Balart
Florida Bar No. 1045388
100 North Tampa St., Suite 4100
Tampa, FL 33602
Telephone (813) 227-8500
Facsimile: (813) 229-0134
E-mail: luis.balart@hklaw.com

*Attorneys for Regions Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2026, a copy of the foregoing was sent via registered mail to: Coldstream Ministries, Daman-Thomas Caldwell, and Jennifer-Leigh Caldwell, 10020 Carolina Street, Bonita Springs, Florida 34135.

*/s/ Joshua H. Roberts*
*Attorney for Regions Bank*