UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMAN-THOMAS CALDWELL
AND JENNIFER-LEIGH
CALDWELL,

        Plaintiffs,

  v.

REGIONS BANK, N.A., A
NATIONAL BANKING
ASSOCIATION,

        Defendant.
_____/

Case No. 2:25-cv-993-KCD-DNF

## **ORDER**

This case returns to the docket with a new look but the same underlying flaws. Previously, a trust known as Coldstream Ministries attempted to sue Regions Bank, represented only by its non-lawyer trustees. That, as the Court explained in a prior order, is not how federal litigation works. (Doc. 14.)[1] Artificial entities like trusts cannot walk into court holding the hand of a layperson; they must appear through licensed counsel. The Court gave the trust a choice: hire a lawyer or face dismissal. (*Id.* at 2-3.)

The trust did not hire a lawyer. Instead, the trustees—Daman-Thomas and Jennifer-Leigh Caldwell—decided to swap hats. They filed an amended

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

complaint, this time appearing in their individual capacities, effectively deleting the trust from the caption and inserting themselves. (Doc. 19.) They argue that because the bank froze the trust's account, they personally suffered harm. Regions Bank has moved to dismiss, arguing that this substitution is procedurally improper and the Caldwells lack standing to sue for the trust's injuries. (Doc. 20.) The bank is right.

## I. Discussion

First, we have the procedural roadblock. Federal Rule of Civil 15 allows a "party" to amend its pleading. *Id.* That term is a boundary line, not a suggestion. *See, e.g.*, *Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023) ("Importantly, that right to amend is limited to parties."). When this case opened, the only plaintiff of record—and thus the only party capable of acting—was Coldstream Ministries. The Caldwells were not plaintiffs. They were merely the agents attempting to represent the trust.

Yet the amended complaint was not filed by Coldstream Ministries. It was filed by the Caldwells, now appearing in their own names. This creates a fatal disconnect. A non-party has no right to amend a complaint. By filing the amendment themselves, the Caldwells effectively tried to hijack the trust's lawsuit to cure its lack of counsel. But Rule 15 does not allow non-parties to swap themselves into a case simply to keep it alive. *Ceva Animal Health, LLC v. Mustang Fliers, Inc.*, No. 24-CV-2130-EFM, 2024 WL 3400245, at *3 (D. Kan.

2

July 12, 2024) ("[N]on-parties may not use the Rule 15 amendment process to substitute themselves for existing parties."). Because the only actual party to the suit (the trust) effectively disappeared and failed to amend, the Caldwells' filing is a nullity. *See, e.g.*, *Ceska Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023).

Even if we look past this procedural fumble, the Caldwells run into a substantive wall: standing. To invoke the power of a federal court, a plaintiff must show they have suffered an injury that belongs to them. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1001 (11th Cir. 2020) ("Because standing is not dispensed in gross, what matters is whether the plaintiff has suffered a concrete injury, not whether other parties have.").

Here, the Caldwells allege that Regions Bank mishandled a bank account. (Doc. 19.) But the amended complaint and its attachments make clear that the account belongs to Coldstream Ministries, the trust. The Caldwells also admit the account is fiduciary in nature. So if Regions Bank breached a contract or converted funds, it did so to the trust, not the Caldwells. *See, e.g.*, *4658 N. Ocean Inc. v. Branch Bank & Tr. Co.*, No. 10-61865-CIV, 2011 WL 13216975, at *6 (S.D. Fla. Feb. 15, 2011), *Parks v. F.D.I.C.*, No. 6:13-CV-342-ORL-36, 2013 WL 1278119, at *3 (M.D. Fla. Mar. 7, 2013), *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004).

3

The Caldwells try to bridge this gap by claiming they suffered "personal financial harm" because they could not access wages deposited into that account. (Doc. 21 at 2.) But that is a consequence, not a legal injury. If a bank freezes a company's account, the employees might not get paid, but the employees do not have standing to sue the bank for breach of the company's account agreement. The remedy lies between the bank and the account holder. The Caldwells cannot sue individually to access the trust's frozen funds. *See, e.g.*, *4658 N. Ocean Inc.*, 2011 WL 13216975, at *3.

## II. Conclusion

Coldstream Ministries failed to hire counsel as ordered. The individuals who stepped in to replace the trust have filed an illusory pleading and seemingly lack standing to sue for its injuries. Accordingly, it is **ORDERED**:

1. Regions Bank's Motion to Dismiss (Doc. 20) is **GRANTED**;

2. There is no operative pleading to move this case forward as previously ordered, so the Clerk is directed to terminate all deadlines and close the case.

**ENTERED** in Fort Myers, Florida on February 9, 2026.

Kyle C. Dudek
United States District Judge

4